Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOSEPH E. SUGG, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ERIE RAILROAD COMPANY, Employer and Self-Insurer, Appellant.

Third Department, November 14, 1917.

**Workmen's Compensation Law — award for permanent loss of use of index finger from accident which happened prior to amendment of 1916 to subdivision 3 of section 15 of statute.**

Where the State Industrial Commission has found that as the result of an accident which happened prior to the amendment of 1916 to subdivision 3 of section 15 of the Workmen's Compensation Law, making the permanent loss of the use of a finger equivalent to the loss of such finger, that the index finger of the right hand of the claimant became ankylosed

and that he has permanently lost the use of that finger, said Commission instead of awarding sixty-six and two-thirds per centum of the average weekly wages of the employee for forty-six weeks as for the loss of an index finger, should have awarded sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment, or otherwise payable during the continuance of such partial disability, not exceeding, however, the compensation for the loss of an index finger.

APPEAL by the defendant, Erie Railroad Company, from an award of the State Industrial Commission, entered in the office of said Commission on the 25th day of October, 1916.

*Moot, Sprague, Brownell & Marcy* [*James C. Sweeney* of counsel], for the appellant.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The claimant was injured January 14, 1916. The finding of the Commission is that " the index finger of the right hand became ankylosed, and Sugg has permanently lost the use of that finger." Compensation has been awarded at the rate of sixty-six and two-thirds per centum of the average weekly wages of the claimant for a period of forty-six weeks " for the equivalent of the loss of the index finger of his right hand."

Although the record is not very satisfactory, the finding that the claimant has permanently lost the use of his finger probably finds support therein. But for the reasons stated in *Supple* v. *Erie Railroad Co.* (180 App. Div. 135), decided herewith, an improper basis of compensation has been adopted. The accident happened prior to the amendment of 1916 to subdivision 3 of section 15 of the Workmen's Compensation Law, making the permanent loss of the use of a finger equivalent to the loss of such finger. (See Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 15, subd. 3, as amd. by Laws of 1916, chap. 622.) Instead of awarding sixty-six and two-thirds per centum of the average weekly wages of the employee for forty-six weeks as for the loss of an index finger, the compensation should be " sixty-six and two-thirds per centum of the difference between his average weekly wages and his

wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability," not exceeding, however, the compensation for the loss of an index finger. (See § 15, subd. 3, "Other cases.")

The award should be reversed and the proceeding remitted to the Commission.

All concurred.

Award reversed and proceeding remitted to the Commission.