Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of GEORGE A. BEHRENS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* R. F. STEVENS COMPANY, Employer, and STANDARD ACCIDENT INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 7, 1919.

**Workmen's Compensation Law — practice on appeal — award for injury resulting in contraction and inability to extend second and third fingers of right hand — determination of " wage earning capacity."**

The purpose of the provision of section 20 of the Workmen's Compensation Law, as amended, under which a decision need not contain a statement of the conclusions of fact and rulings of law by the Commission, was to relieve it from the necessity of formulating findings, except in cases which are appealed.

When the Commission opens a proceeding and receives further testimony after the appeal, it should make and file another award or decision and send a copy thereof with notice of the filing to the parties, and an appeal should be taken from such subsequent award or decision so as to bring up the entire record.

Where the Commission serves a notice stating that an award has been made but containing no copy thereof and fails to give notice of the filing of the award, it cannot complain upon appeal because of its omissions.

A statement of conclusions of fact and rulings of law may be made after service of the notice of appeal.

Where an injury resulted in the contraction and inability to extend the second and third fingers of the right hand, with consequent interference with the function of the hand and remaining fingers, compensation is not limited to fifty-five weeks for the loss of the second and third fingers under subdivision 3 of section 15 of the Workmen's Compensation Law. Such injury affects the use of the hand and the remaining fingers and compensation may be awarded under that part of subdivision 3 of section 15 regulating " other cases " as it existed on October 27, 1916, the date of the accident.

The statute makes the compensation in such case not sixty-six and two-thirds per centum of the difference between his former and subsequent wages, but sixty-six and two-thirds per centum of the difference between his former average weekly wages and " his wage earning capacity thereafter in the same employment or otherwise."

The Commission should determine in such case the wage-earning capacity of the claimant and not base the award alone on actual wages received since the accident.

APPEAL by the defendants, R. F. Stevens Company and another, from a decision and award of the State Industrial Commission, made on or about the 27th day of September, 1918.

*Neile F. Towner,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

Confusion has arisen growing out of the practice on appeals under the Workmen's Compensation Law. It is claimed by the Attorney-General that the appeal in this case has not been properly taken. For the purpose of clarifying the practice and obviating mistakes we are calling attention to the requirements of the statute relative to appeals (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], §§ 20, 23, as amd. by Laws of 1917, chap. 705). When the Commission makes a decision it is required to file the same in its office and immediately after such filing " send to the parties a copy of the decision " (§ 20) with " notice of the filing of the award or the decision " (§ 23). Within thirty days after such notice the appeal must be taken. Since the amendment to section 20 by Laws of 1917, chapter 705, the decision need not contain a statement of the conclusions of fact and rulings of law by the Commission. But where an appeal is taken " the Commission shall within thirty days thereafter serve upon the parties in interest a statement of its conclusions of fact and rulings of law." (§ 23.) The purpose of the statute plainly is to relieve the Commission from the necessity of formulating findings except in cases which are appealed. Undoubtedly the Commission has power after an appeal to open the proceeding and receive further testimony. When it does so it should make and file another award or decision and send a copy thereof with notice of the filing to the parties and an appeal should be taken from such subsequent award or decision so as to bring up the entire record. In the present case the Commission has not followed these plain requirements of the statute and is primarily responsible for whatever confusion exists. The record shows that it made an award to the claimant September 26, 1918, for a period terminating September 27, 1918. On the following day it

sent to the parties a notice stating that an award had been made but containing no copy thereof. No notice of filing the award was given. The appellants, however, appealed from the award thus made and the Commission cannot complain of its own omissions. Subsequently and on November 18, 1918, the case was reconsidered and on November 20, 1918, the Commission sent to the parties a communication that " the action of the Commission was to affirm the award previously made to September 27, 1918." The decision of November 18, 1918, is not in the record nor was any copy thereof or notice of filing thereof sent to the appellants nor have the appellants appealed therefrom. But inasmuch as no testimony was taken on November 18, 1918, bearing on what we regard as the pivotal point in the case we think we may consider the appeal from the award of September 26, 1918. The statement of the conclusions of fact and rulings of law was properly made after the service of the notice of appeal. (§ 23.)

The claimant was injured October 27, 1916. The injury has resulted in the contraction and inability to extend the second and third fingers of the right hand with consequent interference with the function of the hand and remaining fingers. Seven awards have been made from time to time, all of which have been paid except the last award covering the period from August 6, 1918, to September 27, 1918, from which this appeal is taken. The compensation paid covers a period of ninety-one weeks. We cannot agree with the contention of the appellants that compensation is limited to fifty-five weeks for the loss of a second and third finger under subdivision 3 of section 15. The injury affects the use of the hand and the remaining fingers and we agree with the Commission that under the statute as it was at the time of this accident compensation may be awarded under that part of subdivision 3 of section 15 (as amd. by Laws of 1916, chap. 622), regulating " other cases." (*Sugg* v. *Erie Railroad Co.*, 180 App. Div. 133; *Supple* v. *Erie Railroad Co.*, Id. 135.) But even on this theory the award is wrong. It is sixty-six and two-thirds per centum of the average weekly wages of the claimant before the accident. The claimant earned nothing during the period covered by the award but the statute in such a case makes the compensation not sixty-six and two-thirds per centum of the difference between

his former and subsequent wages but sixty-six and two-thirds per centum of the difference between his former average weekly wages and " his wage-earning capacity thereafter in the same employment or otherwise." He may have had a " wage-earning capacity " during the period covered by this award. That period was nearly two years after the accident. Within two weeks after the award he was working. Perhaps he was able to do so at the time of the award. No testimony was taken on this point and the award is unsupported. The Commission should determine the wage-earning capacity of the claimant and not base the award alone on actual wages received since the accident.

The award should be reversed and the proceeding remitted to the Commission.

All concurred.

Award reversed and proceeding remitted to the Commission.