Before STATE INDUSTRIAL BOARD, Respondent.
CARMINE GIOVANNIELLO, Respondent, *v.* TRANSIT DEVELOPMENT
COMPANY, Appellant.

Third Department, March 4, 1925.

**Workmen's compensation — award — earning capacity of claimant cannot
be fixed arbitrarily.**

For the purpose of determining the amount of an award to be granted to the
claimant, who is partially disabled, the earning capacity of the claimant cannot
be fixed arbitrarily by the State Industrial Board, but must be based upon
evidence.

APPEAL by the defendant, Transit Development Company, from
an award of the State Industrial Board, made on the 28th day of
March, 1924.

*George D. Yeomans* [*W. H. Sefton* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-
General*, of counsel], for the respondents.

COCHRANE, P. J.:

Claimant was injured September 9, 1916. He has been paid
compensation to September 19, 1922. The award now under
consideration covers the period from the latter date to May 4,
1923. It is found by the Board that during this period " he had
a wage earning power of $1.00 a week " which has been deducted
from his average weekly wage of ten dollars and ninety-five cents
to constitute the basis of the award. The medical testimony is
to the effect that claimant can perform work which does not require
bending or heavy lifting. This testimony has been credited by
the Board as appears by its finding that claimant had a wage
earning capacity. But the extent of his earning capacity has
been arbitrarily fixed at one dollar a week. There is no evidence
as to how much he is able to earn. Claimant admits that prior
to the award in question he worked more than two years, and
in an award made September 18, 1922, immediately preceding
the period covered by the award in question, it was found that
he had an earning capacity of forty per cent, his average weekly
wages being ten dollars and ninety-five cents, and there is no evidence
of diminished earning capacity since that time. These facts well
illustrate the inconsistency of the present award. The extent of
the earning capacity of the claimant must be proved and not fixed
arbitrarily.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and matter remitted,. with costs against the State Industrial Board to abide the event.