In the Matter of the Claim of THOMAS COOPER, Respondent, against CHATEAUGAY ORE AND IRON COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM: There is evidence sufficient to justify the finding of the Industrial Board that the claimant was permanently partially disabled during the period for which an award of compensation has been made, and that such disability resulted from the industrial accident in question whereby the claimant sustained a fracture of the pelvis, and a crushing fracture of the fifth lumbar on the first sacral, besides other injuries. There is a sharp controversy on the issue of earning capacity and the proper rate of compensation. It would seem that the claimant had sought and engaged in remunerative work with a fair degree of sincerity and diligence. His employment has been intermittent and in varying fields, these conditions very likely being caused by his physical ailments and his inability to carry on sustained effort for a period of any great length. The Board has made no direct finding of claimant's earning capacity. His former average weekly wage rate was thirty dollars and twenty cents; the compensation awarded is fifteen dollars per week; it may be that by a search of the record we could find evidence justifying a weekly earning capacity contained by inference in the award. But we would have no way of knowing that such evidence was relied on by the Board in reaching its conclusion. The question cannot be determined arbitrarily. (*Giovanniello* v. *Transit Development Co.*, 212 App. Div. 188.) As we have stated many times on similar occasions, where there is a conflict in the evidence of claimant's capacity to work, there should be a definite finding of earning capacity, based not only on evidence of actual experience in employment, but on medical testimony as to the claimant's ability to engage in some sort of gainful labor. The record in this case leaves us in doubt as to whether a just result has been reached through rational deduction from the evidence. (*Mead* v. *Buffalo General Electric Co.*, 212 App. Div. 191.) The award should be reversed and the claim remitted, without costs. Van Kirk, P. J., Hinman, Davis, Whitmyer and Hasbrouck, JJ., concur. Award reversed and claim remitted to the State Industrial Board, without costs.