(128 So. 119)

## ARMOUR & CO. v. WHITE.

### 6 Div. 779.

Court of Appeals of Alabama.
April 22, 1930.

H. H. Grooms and Coleman, Coleman, Spain & Stewart, all of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

RICE, J.

Petition for writ of certiorari to review the judgment of the circuit court awarding compensation to one C. B. White for personal injuries sustained while employed, and engaged in the active performance of the duties of said employment, by petitioner. The trial judge's finding of facts, and decree, is as follows:

"This cause coming on to be heard before the Honorable Roger Snyder, Judge, without a jury, both sides having announced ready and issue having been joined, from evidence introduced and the admissions made in Open Court, the Court finds the following facts:

"C. B. White, the plaintiff, while in the employment of the defendant and while engaged in the active performance of the duties of said employment received personal injuries caused by an accident arising out of and in the course of his employment, and said injuries disabled said White from his capacity to work and earn a livelihood for five weeks and said White is disabled from earning a livelihood and to do manual labor at present to an extent of 30% of his normal capacity and so disabled since the 3rd day of December, 1928. The Court further finds said White has a wife wholly dependent upon his earnings for support and that said position which said White was at work at had been paying an average of $31.56 per week preceding the infliction of said injuries. Wherefore it is ordered, adjudged, and decreed by the Court that the defendant pay to said White the sum of $60.00 which is the amount of compensation due said White by the defendant from October 29, 1928, to December 10, 1928, a total of six weeks, total disability. It is further ordered, adjudged, and decreed by the Court that the defendant shall pay the further sum of $142.05 which is the amount due said White from April 6, 1929, to July 13, 1929, which is the total of 15 weeks at $9.47 per week. It is also further ordered, adjudged and decreed by the Court that the defendant shall continue to pay to said White the sum of $9.47 per week for the remainder of 67 weeks, being a total of $634.49 and making a total of 104 weeks compensation. Wherefore it is further ordered, adjudged and decreed by the Court that the defendant pay the sum of $202.05 to said White which is the sum due said White to July 13, 1929, under the terms of this decree. The Court further finds said White has incurred $50.00

in surgical and medical expenses. Wherefore it is ordered, adjudged and decreed by the Court that the defendant in addition to the sums heretofore mentioned pay .to said White the further sum of $50.00.

"Ordered, adjudged and decreed this the 11th day of July, 1929.

"Roger Snyder,
"Judge of the Tenth Judicial Circuit of Alabama."

The petition is accompanied by a bill of exceptions, and, no statement of the "substance of the evidence" being set out in the learned trial judge's decree, as we understand, we may look to such bill of exceptions. Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458. But, if "there is any legal evidence to support the finding of the trial court, that finding is conclusive as to this court." Crescent Coal Co. v. Simmons, 217 Ala. 367, 116 So. 512, 513, and cases therein cited.

We find no fault with the finding of the trial court that the "average" weekly earnings of the injured party were $31.56. Garrison v. Woodward Iron Co., 210 Ala. 45, 97 So. 64; County Coal Co., etc., v. Bush, 215 Ala. 25, 109 So. 151; Code 1923, § 7551.

The trial court found that the claimant (White) was disabled to an extent of 30 per cent. of his normal capacity, and that he was, exclusive of the time during which he was totally disabled, entitled to compensation, on this basis, as the law allows, for a total of 82 weeks. ' But he computed this weekly compensation to be 30 per cent. of $31.56 (the average weekly earnings) or $9.47, as appears' from his decree. This was error. The true measure of such weekly compensation is as set forth in Code 1923, § 7551 (b) to wit:

"In all cases of temporary partial disability the compensation shall be fifty per cent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition. This compensation shall be paid during the period of such disability, not, however, beyond three hundred weeks, payments to be made at the intervals when the earnings were payable, as nearly as may be, and subject to the same maximum as stated in subsection (a)."

Giving effect to the subsection of the Code section just quoted, it is apparent that, according full weight, as we do, to the findings of the learned trial judge, as to the facts, and based thereon, the decree should be, and it is hereby, corrected to the extent that, for the weeks in which compensation is awarded at the rate of $9.47 per week, the same shall be changed to read $4.74 (50 per cent. of $9.47) per week. As so corrected, the decree or judgment is affirmed. And the writ of certiorari is denied.

Writ denied. Corrected and affirmed.