## ANDRO ENRICO v. OLIVER IRON MINING COMPANY.[1]

February 13, 1937.

No. 31,061.

*Austin & Wangensteen,* for relator.
*Dennis F. Donovan,* for respondent.

HILTON, JUSTICE.

*Certiorari* brought by employe-relator to review an order of the industrial commission affirming the decision of a referee awarding relator compensation at the rate of $3.99 per week.

On March 8, 1933, relator injured his shoulder, chest, and ribs while working for respondent. He was paid compensation at the rate of $14.52 a week until September 30, 1935, at which time respondent filed notice of discontinuance of compensation payments as provided by 1 Mason Minn. St. 1927, § 4295. Objections were filed thereto. There was a finding by the referee that as a result of the injury relator's earning capacity had been impaired "to the extent of 25 per cent by reason of a 25 per cent permanent partial general disability, and that disability still continues." There was support for the finding that relator had a 25 per cent permanent

[1]Reported in 271 N. W. 456.

partial disability. On the basis of that finding the commission approved the referee's arbitrary fixing of the loss of earning capacity as of the same percentage. The award was based upon two-thirds of the difference between 75 per cent of relator's average earnings before the injury and his full earning capacity at that time. This method of computing the amount to be awarded is assigned as error.

1 Mason Minn. St. 1927, § 4274(c)(44), provides:

"In all other cases of permanent partial disability not above enumerated the compensation shall be 66 2/3 per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition subject to a maximum of $20.00 per week. Compensation shall continue during disability, not, however, beyond 300 weeks."

That is the only provision of the statute applicable to a case such as this.

There is no showing that an employe who is 25 per cent disabled sustains exactly the same percentage loss of earning power. That the two are correlative is hardly likely. There is no presumption to that effect. The "degree of physical disability is not the measure by which to determine the amount of an award of compensation." Gagne v. New Haven Road Const. Co. 87 N. H. 163, 166, 175 A. 818, 819. To merely establish the degree of disability is not sufficient. Staas v. Rogers, 166 Okl. 72, 26 P. (2d) 206. Especially is this true under a statute such as ours where it is provided that the compensation is to be computed on the basis of what the injured employe "is able to earn" in his partially disabled condition. Primarily it is a question of fact upon which a finding must be made. Allen Water Co. v. Davis, 150 Okl. 13, 300 P. 793. It is a matter to be proved and cannot be arbitrarily fixed as was done here. Giovanniello v. Transit Development Co. 212 App. Div. 188, 208 N. Y. S. 581; Vogler v. Ontario Knife Co. 223 App. Div. 550, 229 N. Y. S. 5. There is no language in our statute authorizing the adoption of any standard other than the one therein prescribed. The fact that some other rule may be more easy of application will

not warrant its use. The party upon whom rests the burden of proof in any particular case might suffer an inconvenience as a result of a close adherence to the method of computation dictated by the statute, but such circumstance cannot avoid its terms.

The fact that relator sustained only 25 per cent permanent partial disability can affect in no way the amount required to be awarded by virtue of § 4274. Whether the permanent disability is only one per cent or 99 per cent, the compensation to be paid "shall be 66 2/3 per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition," subject to the maximum limitations imposed by the statute. Although that rule may not in all cases work equitably, it is the standard fixed by the legislature and the one that is controlling in all cases to which it is applicable.

Relator has had no gainful employment since the date of the accident. There is evidence that he was offered light work but refused to take it. There was no finding made as to whether he could have done the work, and, if so, how much he would have earned had he accepted the offer. Relator claimed that he was physically unable to perform the duties of the work offered him. Witnesses for respondent testified that he could and attributed his refusal to do so to a peculiar neurotic condition not related to the injury. In any event, the compensation to be awarded may not be computed on the basis of what was actually earned or what could have been earned during the particular period since the date of the accident, Behrens v. R. F. Stevens Co. 188 App. Div. 66, 176 N. Y. S. 28; 2 Schneider (2 ed.) Workmen's Compensation Law, § 452, for the actual amount that an employe earns after an accident is not necessarily a fair measure of his earning capacity. Tarascio v. S. C. Poriss Co. 116 Conn. 707, 164 A. 206. It is his ability to earn, not his actual earnings, that should be the basis of the award.

On the record there is no alternative but to reverse and remand the case to the industrial commission with directions to make findings of fact as to the difference between the wage of relator "at the time of the injury and the wage he is able to earn in his partially disabled condition," and, having found that, to compute the

award, if any, as provided by statute. It may be that additional evidence will need to be taken in order to enable the commission to determine this purely fact question. If so, that should be done.

Reversed and remanded with directions to the industrial commission to proceed in the manner indicated.

Fifty dollars attorney's fees are allowed to relator.

MR. JUSTICE STONE and MR. JUSTICE LORING took no part in the consideration or decision of this case.