185 So. 395

## SLOSS–SHEFFIELD STEEL & IRON CO. v. METROPOLITAN CASUALTY INS. CO. OF NEW YORK.

### 6 Div. 201.

Court of Appeals of Alabama.

Oct. 4, 1938.

Rehearing Denied Nov. 8, 1938.

---

[1] Ante, p. 305.

Bradley, Baldwin, All & White and Kingman C. Shelburne, all of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

Appellee brought this suit against appellant to recover a sum of money that it paid to one Vincent, under the Workmen's Compensation Law of Alabama, Code 1923, § 7534 et seq., who was employed by Brantley & Company who were engaged in performing certain work for the Sloss Company. The report of the case contains count two of the complaint as amended.

The appellant contends that the trial court erred in overruling its demurrer to the complaint. Appellant's argument is that the appellee was not a proper party plaintiff; and that suit by appellee, as subrogee of the injured employee Vincent, could only be brought in the name of Vincent for the use of appellee.

Section 7586 of the 1923 Code, however, provides that the subrogated insurance carrier "may bring legal proceedings" against the third party causing the employee's injury, and it nowise requires the legal proceedings to be brought in the name of the injured employee for the use of the insurance carrier. We think it would be needless circuity to bring the action in the name of the injured employee for the use of the insurance carrier. The case of Day & Sachs v. Travelers' Insurance Co., 223 Ala. 558, 561, 137 So. 409, recognizes the propriety of the action for subrogation being brought in the name of the insurance carrier.

Appellant contends that the trial court erred in refusing its written request for the general affirmative charge. This contention is grounded upon five points, towit: (1) That the undisputed evidence showed that the injured employee Vincent was guilty of contributory negligence; and (2) because the judgment of the circuit court of Jefferson County, Alabama, wherein judgment for workmen's compensation was rendered in favor of Vincent and against his employer, Brantley & Company, was not entered "on the only basis authorized by the Workmen's Compensation Law of Alabama;" (3) because the evidence failed to show any actionable negligence upon the part of the appellant towards Vincent; (4) because the appellee did not introduce in evidence the contract that it made Ex-

hibit "A" to the complaint; and (5) because appellee did not prove that appellant was under Article 2 of the Workmen's Compensation Act of Alabama, Code 1923, § 7543 et seq.

We have read very carefully, and given attentive consideration to, all the testimony offered on the trial touching the issues of negligence upon the part of the appellant, and contributory negligence upon the part of the injured employee Vincent. We deem it unnecessary to here set forth the testimony touching these issues for the reason that we are clearly convinced that both these issues were properly submitted to the jury under the decisions in the cases of Byars v. Alabama Power Company, 233 Ala. 533, 172 So. 621; Alabama Power Company v. Byars, Ala. Sup., 181 So. 270;[1] and Hardy v. City of Dothan, 234 Ala. 664, 176 So. 449. The evidence in the instant case, to the extent that it may be said to be different in its probative force, from the evidence in the Byars Cases, cited above, is much stronger in its indications of negligence upon the part of the defendant, and much weaker in its indications of contributory negligence upon the part of the injured person.

Appellant's argument that the judgment in the circuit court of Jefferson County wherein Vincent was awarded compensation was contrary to the "only basis authorized by the Workmen's Compensation Law of Alabama" is disposed of by the finding of fact by the trial court in that proceeding as follows: "The court further finds that 50% of the difference between the petitioner's average weekly earnings at the time of receiving said injuries and the average weekly earnings he is able to earn in said partially disabled condition, amounts to the sum of $4.31." This finding, in keeping with which the award of compensation was made, was in exact accordance with that portion of subdivision "(c)" of section 7551 of the Code of Alabama which reads as follows: "In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty per cent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition, subject to a maximum of twelve dollars per week as otherwise provided herein."

Concerning appellant's argument that "Appellee did not introduce in evidence the contract it made Exhibit "A" to its complaint as amended," such argument itself implies that there existed a contract of the tenor of that made Exhibit "A" and in fact that the document which was made Exhibit "A" was in truth and in fact a duly executed contract between the defendant and Brantley & Company. Thus in effect the appellant complains not that there did not exist such a contract as was made Exhibit "A" to the complaint. On the contrary, appellant in effect concedes that the document which was made Exhibit "A" to the complaint was in fact duly executed; and appellant's only complaint is that the appellee did not formally and in terms introduce the contract as a part of the evidence in the case. Moreover, the witness, C. S. Lawson, who was called by the appellant, and who was the blast furnace superintendent of the appellant, testified at the instance of the appellant as follows: "I do recall the occasion of Brantley & Company entering into a contract with the Sloss Company to do some painting out here at North Birmingham Furnace." In the circumstances of this witness' testimony, we think such testimony could only have had reference to the contract alleged by the appellee. The transcript of the record fails to disclose that any question was raised upon the trial of the failure of the appellee to introduce the alleged contract in evidence, otherwise than might inhere in the simple request, without more by the appellant, for the general affirmative charge in its favor. In its oral charge to the jury, the trial court said: "If you are reasonably satisfied from the evidence that the Sloss Company was guilty of negligence as alleged in this complaint, and that that negligence was the proximate cause of Mr. Vincent's injuries, why, then bring in a verdict for the plaintiff in this case unless you are further reasonably satisfied by the evidence that Mr. Vincent himself was guilty of contributory negligence, and that that negligence on his part was the proximate cause of his injuries." The appellant took no exception to this portion of the court's oral charge; nor, in fact to any part of the court's oral charge, which taken as a whole indicates that no point was being made by appellant that the contract alleged did not in fact exist. In these circumstances, we are unwilling to reverse

[1] 236 Ala. 79.

the judgment on account of the failure of the appellee to formally offer the contract in evidence. Seaboard Air Line Railway Company v. Johnson, 217 Ala. 251, 115 So. 168; Strickland v. Davis, 221 Ala. 247, 128 So. 233; Sovereign Camp, W. O. W., v. Dennis, 17 Ala.App. 642, 87 So. 616, certiorari denied 205 Ala. 316, 87 So. 620; Circuit Court Rule 35.

It is true that the appellee did not expressly and in terms prove that the appellant at the time of Vincent's injury was subject to Article 2 of the Workmen's Compensation Law of Alabama. Nevertheless it appeared that the appellant was an employer at the time of Vincent's injury, and there being no evidence to the contrary, it will be presumed that appellant was subject to the Workmen's Compensation Law of Alabama. Section 7547, Code of 1923. Moreover, no insistence was made by the appellant in the trial court that it was not subject to the Workmen's Compensation Law of Alabama at the time of Vincent's injury.

We are not convinced that there was error in denying appellant's motion for a new trial.

Finding no error in the trial court's rulings, upon the points of decision argued by the appellant, it is ordered that the judgment of the trial court be and is hereby affirmed.

Affirmed.

