185 So. 771

### DAVIS v. STATE.
### 7 Div. 352.

Court of Appeals of Alabama.
Oct. 4, 1938.

Rehearing Denied Nov. 1, 1938.

A. A. Carmichael, Atty. Gen., for the State.

Motley & Motley, of Gadsden, for appellant.

BRICKEN, Presiding Judge.

The indictment in this case charged the defendant with the violation of the offense provided and denounced by Section 3962 of the Code 1923, which is as follows: "Whoever, being the administrator of the estate of the decedent, or the executor of a last will, or the guardian of any minor or insane person, or a trustee or other person acting in any fiduciary capacity, without good cause, fails or refuses, when legally required by the proper person or authority, or on demand of a surety on the bond of any such administrator, executor or guardian, to account for or pay over to such person or persons as may be lawfully entitled to receive the same, any money, chose in action, or other property, which may have come into his hands by virtue of his office, duty or trust, shall be deemed guilty of embezzlement, and, on conviction, shall be punished as if he had stolen the same."

From the judgment of conviction this appeal was taken, and appellant earnestly insists that the conviction cannot stand for the reason that the statute of limitation of three years, Code 1923, § 4930, had intervened before the commencement of this prosecution.

■ If this was a case wherein simple embezzlement was charged, the foregoing contention would probably be sustained as it affirmatively appears from the record more than three years had elapsed since any of the money in question went into the hands of this appellant as guardian of the minors named. In an ordinary case of embezzlement four distinct propositions of fact must be established, beyond a reasonable doubt, to sustain a prosecution for embezzlement by an agent of a private person or corporation: (1)That the accused, within the time covered by the indictment, was the agent of the person or corporation, and that he, by the terms of his employment, was charged with receiving the money or property of his principal. (2) That he did, in fact, receive such money or property. (3) That he received it in the course of his employment. (4) That he, knowing it was not his own, converted it to his own use or to the use of some third person not the true owner.

■ However, the gist or gravamen of the offense here charged, and under consideration, is materially and essentially different from the foregoing, as will be noted by reading the Statute, supra. In this case it affirmatively appears, without dispute, that this appellant was duly appointed and acted as the guardian of the two minors named. That as such guardian the sum of $1,000, said amount being the estate of Willie Johnson the mother of the wards Ralph and Elvord Johnson, came into his hands, and that upon final settlement of such guardianship it was regularly and legally ascertained, in the Probate Court, that the total amount received by appellant, as guardian, was, as stated, $1,000. That out of said amount he had paid and was allowed credit for the sum of $660.97, leaving a balance due by him of $339.03, as charged in each count of the indictment. Notwithstanding proper demand had been made for the payment of said balance, and also execution had been issued, the amount has never been paid, and in failing or refusing to so pay,' which is the gist of the offense charged, he brought himself within the terms and subject to the provisions of the Statute under which he was indicted. The final settlement as guardian aforesaid was had on the 17th day of September, 1934. The indictment was returned and filed in court on September 18, 1935, hence the Statute of limitations had not intervened and therefore cannot apply. The offense complained of, and of which he was convicted, was not the conversion by him of the money in question when received by him as guardian; but his failing or refusing, without good cause, to account for or pay over to his wards who were lawfully entitled to receive the money which admittedly came into his hands by virtue of his guardianship of the two persons named in the indictment.

Upon the trial of this case, there was no insistence upon the part of the defendant that he had paid the amount of money in question to his said wards, or to anyone else lawfully entitled to receive same. Therefore the evidence was without dispute as to this material and controlling question. The defendant did, however, undertake to show that he had made a trade or contract with the mother of said wards wherein he was to receive $500 of the $1,000 aforesaid as services, etc.; and, in this connection the record shows the following occurrence:

"The defendant then being sworn testified in his own behalf as follows:

"'I was the guardian of Ralph and Elvord Johnson. Willie Johnson the mother of the minors was here when she was sick and the money come through her, Willie Johnson the mother of the minors, she had a claim. * * * I acted as guardian I received it from the Court it was a claim on the steel plant, her husband was killed out there, and it was a compensation claim. * * * She died and these boys come into this money direct from her, from their mother. The defendant was then asked 'Now then did you have a contract with their mother about this money?' The State objected on the ground that it was a contract with a dead person, and the Court sustained the objection. The defendant then stated, we propose to show he secured this money for her, representing her under an agreement that he was to get five hundred dollars for his services and pay all the expenses. The State objected on the ground that it was a transaction with a dead person and if he had any such contract it would be illegal, he's not a practicing attorney, the Court stated that I understand the law of these matters gentlemen, if a man is retaining funds in a fiduciary capacity under a bona fide claim that he's got a right to hold them and thats competent evidence all right and it is a defense, now here is an estate involved, the time for filing those claims has no doubt expired. That matter has been judicially determined, why would that be competent now? And he thereupon sustained an objection and refused to let defendant testify to said facts and the defendant then and there duly excepted.

"The Court here stated that he declined to let the defendant go into anything about the contract but that he would permit him to ask the question if he wanted to get it into the record and he would rule on it then and he would permit the attorney to lead him so we could get along.

"The defendant was then asked this question under the statement of the Court, Now Jeff, I will ask if you had a contract with Willie Johnson to look after this matter for her and recover it, and you were to receive five hundred dollars for your part, less the amount you had to pay out to lawyers and others to get the matter through?"

■ We are of the opinion the trial court took the correct view of the foregoing insistence, and that his rulings in this connection were without error. As stated, the money involved belonged to the estate of

Willie Johnson, deceased, the mother of the two named wards. The law provided a proper way and method of filing and establishing claims against the estate of deceased persons. The defendant did not avail himself of this legal right, and his admitted act of personally withdrawing from the estate, and holding and using the money in question without an order from the Probate Court, was wholly unwarranted and cannot upon any theory be sustained.

 We are of the opinion that appellant's able counsel are correct in their insistence that the rule of evidence established in section 7721 of the Code 1923, to the effect that no person having a pecuniary interest in the result of the suit or proceedings shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of a suit or proceedings, etc., has no application to a criminal prosecution of this character. The Statute expressly provides that it applies "In civil suits and proceedings." It, however, affirmatively appears that the court's rulings were not based upon the grounds of objection interposed by the Solicitor, but were in line with what has been here said.

We discover no error, in the trial of this case, prejudicial to the substantial rights of the defendant. It follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.

### On Rehearing.

The application for rehearing is confined principally to the proposition that Section 3962 of the Code 1923, under which the appellant was indicted, tried, and convicted, is unconstitutional for the several reasons stated in said application; the main insistence being that the section is violative of Section 20 of the 1901 Constitution. Said section is very terse and provides: "That no person shall be imprisoned for debt."

We are of the opinion that appellant's able counsel are correct in their insistence to the effect, that the question of the constitutionality of a Statute on which a criminal prosecution is based, may be raised for the first time at any stage of the proceedings, either in the trial court or on appeal.

We, however, cannot accord to appellant's contention that the provision in the Bill of Rights, "That no person shall be imprisoned for debt," is applicable to the case at bar under the facts adduced upon the trial in the court below; this, for the reason that constitutional provision is limited to contract liabilities; debts incurred by contract inter partes. This prosecution was not for the purpose of coercing the payment of the trust fund in question and the result of the prosecution could have resulted in no gain to the wards for whom this appellant was guardian. The prosecution, as stated in the original opinion, was for the violation of the penal Statute therein mentioned. Opinion extended.

Application for rehearing overruled.