185 So. 399

### SLOSS–SHEFFIELD STEEL & IRON CO. v. METROPOLITAN CASUALTY INS. CO. OF NEW YORK.

#### 6 Div. 425.

Supreme Court of Alabama.

Dec. 22, 1938.

Bradley, Baldwin, All & White and Kingman C. Shelburne, all of Birmingham, for petitioner.

Benners, Burr, McKamy & Forman, of Birmingham, for respondent.

GARDNER, Justice.

In reply to this petitioner's argument that the judgment in the Circuit Court of Jefferson County, wherein Vincent was awarded compensation, was contrary to "the only basis authorized by the Workmen's Compensation Law of Alabama," the Court of Appeals has merely stated that the finding of fact by the said trial court in that case was in accordance with subdivision (c) of section 7551, Code of 1923.

Petitioner insists it has a right to attack the judgment awarding compensation to Vincent (citing Blumberg v. Abbott, 159 Tenn. 586, 21 S.W.2d 396), and that by mathematical calculation of the com-

[1] 236 Ala. 275.
[2] Ante, p. 42.

pensation awarded and the percentage of permanent partial disability found to have been sustained, it will appear that an erroneous method was followed, and one unauthorized by the statute, citing Enrico v. Oliver Iron Mining Co., 199 Minn. 190, 271 N.W. 456, and Allen Water Co. v. Davis, 150 Okl. 13, 300 P. 793. And it is further argued that like error was committed in Armour & Co. v. White, 23 Ala. App. 515, 128 So. 119.

But the fact remains that the finding by the trial court in the Vincent case (Sloss-Sheffield Steel & Iron Co. v. Metropolitan Casualty Ins. Co.), 185 So. 395, as set out in the opinion of the Court of Appeals, is in accord with the quoted provisions of the statute. Petitioner assumes there were no other facts than those disclosing the degree of permanent partial disability. But neither this Court nor the Court of Appeals would be justified in such assumption. The Court of Appeals has merely held, without discussion of any proof in that regard, that the finding of facts followed the statute, and in so holding clearly no error of law appears on the face of the opinion of that court. A contrary holding would run counter to our decisions as to the limited review here accorded decisions of the Court of Appeals. Birmingham Electric Co. v. Hereford, 227 Ala. 321, 149 So. 863, and authorities there noted.

In deference to the earnest and elaborate brief of petitioner upon this question, we have thought well to express our view that the legal question argued upon this point is not here presented for determination.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.