3 So.2d 306

**METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. SLOSS–SHEFFIELD STEEL & IRON CO.**

6 Div. 802.

Supreme Court of Alabama.

June 5, 1941.

On Rehearing June 30, 1941.

546

Benners, Burr, McKamy & Forman, of Birmingham, for appellant.

Bradley, Baldwin, All & White, of Birmingham, for appellee.

BROWN, Justice.

This action is by the insurance carrier as subrogee of the injured workman, who elected to proceed against the employer under the Workman's Compensation Act, Code 1940, Tit. 26, § 253 et seq., and whose compensation has been ascertained, adjudged and is payable, under said act. The action is against a third person who, as alleged negligently caused the injury, and also subject to said act.

The complaint consists of two counts. Count one avers, in short, that the plain-

tiff as such insurance carrier has been subrogated to the right of the injured workman who received his injuries as a proximate consequence of the defendant's negligence; that the plaintiff in a former action against the defendant had recovered a judgment for $815, previously paid on the award to said injured workman, and since that recovery it has paid an additional sum or sums, to wit, $1,000 on said award, which it now claims and $250 as attorney's fees for the prosecution of this suit.

The second count, as amended, is more elaborate in its averments as to the circumstances of the injury, the payments ordered to be made to the workman, and the institution of the former suit, and claims a balance of $736.14, and $500, as attorney's fees for the prosecution of this suit.

The defendant demurred to each of the counts, taking the point that the former action resulting in a recovery by the plaintiff was res judicata. The demurrer was overruled and the defendant pleaded, "in short by consent the general issue, with leave to give in evidence any matter which if well pleaded, would be admissible in defense of the action to have effect as if so pleaded, and with leave to the plaintiff to give in evidence any matter which if well pleaded would be admissible in reply to such defensive matter, to have effect as if so pleaded."

The trial was before the court without the intervention of a jury, and the evidence consists of the record of the Circuit Court in the former suit by the plaintiff against the defendant, in which the plaintiff recovered, and the record in the proceedings by the workman for compensation resulting in a judgment in his favor, with a stipulation as to the amount of the recovery if plaintiff was entitled to recover.

The court sustained the defendant's plea of res judicata and the plea of the statute of limitation of one year, and judgment went for defendant. Hence this appeal.

The former suit went to the Court of Appeals, 28 Ala.App. 366, 185 So. 395, and the judgment was affirmed, and certiorari was denied here. Sloss-Sheffield Steel & Iron Co. v. Metropolitan Casualty Ins. Co. of New York, 237 Ala. 43, 185 So. 399.

■ Appellant's first contention is that the remedy—more correctly speaking the right—of subrogation given by the statute, Code of 1923, § 7586, Code of 1940, Tit. 26, § 311, is not exclusive; that such right exists under the common law against one who causes a loss to another. The subrogee in this case is not within any such rule. It is a volunteer who has, for consideration paid, insured the employer against a statutory liability and its right of subrogation depends entirely upon the statute. It is a statutory subrogee, and the right to which it is subrogated is the right of action arising in favor of the injured workman or his dependents, as a proximate consequence of the negligence or wrongful act of such third person. The pertinent provision of the statute is: "If the employee or his dependents shall elect to receive compensation from the employer, then the latter or his insurance carrier shall be subrogated to the right of the employee or his dependents, to recover against such other party, and may bring legal proceedings against such party and recover the aggregate amount of compensation *payable* by him to such employee or his dependents hereunder, together with the *costs of such action* and reasonable attorney's fees expended by him therein." Code of 1923, § 7586, Code of 1940, Tit. 26, § 311. [Italics supplied.]

■ The essential elements are that the injured workman or his dependents must have elected to receive compensation from the employer; the amount of the compensation "payable" must have been ascertained, and the subrogee must be obligated to pay such compensation. The right to which such subrogee succeeds is the right to bring "legal proceedings" an "action" at law, and the circumstances of the injury must create "a legal liability for damages on the part" of the defendant. § 7586, supra.

■ In short, the subrogation is to the right of the injured workman or his dependents to bring an action for damages against the person or persons proximately causing the injury by negligence or wrongful act. Georgia Casualty Co. v. Haygood et al., 210 Ala. 56, 97 So. 87; Day & Sachs v. Traveler's Ins. Co., 223 Ala. 558, 137 So. 409; Smith et al. v. Southern Ry. Co. et al., 237 Ala. 372, 187 So. 195; Harris v. Louisville & N. R. Co., 237 Ala. 366, 185 So. 771; Sloss-Sheffield Steel & Iron Co. v. Metropolitan Ins. Co. of New York, supra.

548

The statute contemplates but one action, and it limits the amount of the recovery to "the *aggregate* amount of compensation payable * * * together with the costs of such action and reasonable attorney's fees expended by him therein." Code of 1923, § 7586; Code of 1940, Tit. 26, § 311. [Italics supplied.]

The statute clearly does not contemplate that the subrogee may make successive payments and bring repeated actions and recover the amount so paid, costs and attorney's fees in such actions.

The appropriate action, and the only action, provided for recovery of damages for personal injuries proximately resulting from negligence is an action on the case. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Durden v. Barnett & Harris, 7 Ala. 169; Bay Shore Railroad Company. v. Harris pro ami, 67 Ala. 6; Aldrich v. Tyler Grocery Co. et al., 206 Ala. 138, 89 So. 289, 17 A.L.R. 617.

The foundation of the defendant's liability in the instant case rests in tort for negligently injuring the workman, Vincent, and not in contract. Therefore, § 5721 of the Code of 1923, Code 1940, Tit. 7, § 140, is not applicable.

The appellant further insists that the trial court by overruling the defendant's demurrer, determined the issue of res judicata in plaintiff's favor, and was bound thereby notwithstanding the defendant set up and relied on this defense in his plea. It may be conceded that the court erred in overruling the demurrer, nevertheless reversible error was not committed in sustaining the plea. Friedman Bros. v. Cullman Building & Loan Association, 124 Ala. 344, 27 So. 332; Rogers v. State, 15 Ala. App. 148, 72 So. 689; Buerger v. Mabry, 15 Ala.App. 241, 73 So. 135; Louisville & Nashville R. R. Co. v. Laney, 14 Ala.App. 287, 69 So. 993.

The statute of limitation of one year is applicable to actions for injury to the person. Code of 1923, § 8949, Subsection 5, Code 1940, Tit. 7, § 26, subd. 5; Williams v. Alabama Great Southern Ry. Co., 158 Ala. 396, 48 So. 485, 17 Ann. Cas. 516; Larue v. C. G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155;

Alabama Great Southern Railroad Co. v. Hawk, 72 Ala. 112, 47 Am.Rep. 403.

We find no reversible error on the record.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

On Rehearing.

BROWN, Justice.

The appellant renews its insistence that it may rely on what it terms "common law subrogation" and that the foregoing opinion runs counter to Southern Railway Company v. Stonewall Ins. Co., 163 Ala. 161, 50 So. 940, and Coffman v. Louisville & Nashville R. R. Co., 184 Ala. 474, 63 So. 527, and other cases of like import, which hold in effect that an insurer, who pays a loss caused by a wrongdoer, may in the name of the insured for his use sue the wrongdoer and recover the loss.

That principle is not involved here. The plaintiff in this case was not the insurer of Vincent, the workman, but was the insurer of the employer, who was not liable as for tort, but whose liability arose out of an accident in the course of Vincent's employment, under the Workman's Compensation Act.

There is and was no contract relation between Vincent and the plaintiff, hence the doctrine of conventional or equitable subrogation has no application. The plaintiff did not pay to protect Vincent, to whose right it seeks subrogation, nor did Vincent have any claim or right of action against plaintiff. The plaintiff paid to protect the employer of Vincent who had no claim against the workman.

These circumstances do not bring the case within equitable or conventional subrogation. Aetna Ins. Co. et al. v. Hann et al., 196 Ala. 234, 72 So. 48.

As stated in the original opinion, the right of subrogation rests entirely upon the statute, and the plaintiff recognized this when he declared in his complaint on the provisions of § 7586 of the Code of 1923, Code 1940, Tit. 26, § 311.

The application is without merit and is due to be overruled. It is so ordered.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.