72 So.2d 37 (1954)
BRINSON
v.
SOUTHEASTERN UTILITIES SERVICE CO.
Supreme Court of Florida. Division B.
March 12, 1954.
Rehearing Denied May 4, 1954.
James W. Moore, Frank F. Cosgrove, Miami, for petitioner.
Blackwell, Walker & Gray, Miami, Burnis T. Coleman, Rodney Durrance, Tallahassee, for respondents.
THOMAS, Justice.
The petitioner was injured 6 January 1950 in the course of his employment with the respondent, Southeastern Utilities Service Company, which was engaged, under contract, in repairing transmission lines of respondent, Florida Power and Light Company. Inasmuch as the mishap occurred before the amendment, in 1951, of Section 440.39, Florida Statutes 1941, and F.S.A., as amended by Chapter 23,822, Laws of Florida, Acts of 1947, we are now concerned only with the effect of the act before it was amended in 1951 as applied to the facts of this case.
In the event an employee was injured by the negligence of a person other than his employer he was required to "elect whether to accept compensation * * * or to pursue his * * * remedy against such third person" and if he chose the former course the employer, or, if insured, the employer's insurance carrier, became subrogated to the rights of the employee against the third person, and could institute an action and recover whatever the employee was entitled to recover. The law provided for distribution of the proceeds of any judgment so secured by reimbursement of the employer for amounts already *38 paid to the employee as compensation and payment to the employer of sums yet to be paid, the latter to be reduced to present value and to be retained as a trust fund and used to meet the future installments of compensation as they came due. It will have been noticed that the first provision, for subrogation, relates to employer and carrier, the second, for distribution, only to employer, but this has no bearing on the points under consideration.
But this procedure depended on the institution of the suit by the employer or carrier within one year of the accrual of the action, provided "that in any event the employer or insurer [should] have six months" after the subrogation which would occur by the election of the employee to accept compensation. Upon failure to bring an action within the prescribed time or upon waiver by the employer or carrier of the right to sue, or upon denial of compensation, the employee was authorized to sue on his own account for his own benefit and to recover "full damages according to law regardless of the recovery of compensation * * *." (Emphasis supplied.)
In this case none of the conditions just recited obtained and our decision hinges on the construction and application of the quotation we have italicized, for despite the acceptance of benefits and consequent subrogation, the carrier never sued and the question therefore arises whether the employee is entitled to compensation under the act, as if no judgment had been secured by him. The respondents make no contention that petitioner should return compensation received by him before the judgment awarded him was paid, but they insist that their responsibility to pay more then ceased.
From our study of the authorities, we are convinced that according to the sounder view no subrogation was available in the absence of statute. See Metropolitan Casualty Ins. Co. of New York v. Sloss-Sheffield Steel & Iron Co., 241 Ala. 545, 3 So.2d 306. Because of our pronouncement in Fidelity & Cas. Co. of New York v. Bedingfield, infra, we see no need to analyze the decisions from other states. In that case we said: "In the absence of a law or a contract specifically providing for it, insurance companies do not have the right of subrogation against the party causing such injury. In this case without the Statute, the compensation insurer would have no right of subrogation." True, the court there decided a case arising after the amendment of 1951 to Section 440.39, supra, but the principle is the same and would be equally appropriate here.
It is clear to us that if subrogation is available only if granted by statute, the condition in the law we are considering, with reference to compensation and recovery being independent, is as valid as it is unambiguous. No subrogation would have been available in Florida but for the law we have quoted, and it contained an express condition that an action had to be brought by the employer or his carrier within a fixed period in order to receive its benefits. When in this instance the carrier failed to comply, the petitioner became entitled to his damages irrespective of his compensation. The language is quite clear and needs no definition or elaboration by this Court.
It is obvious that the carrier could have avoided what respondents now call "`double recovery for the same injury'" by the simple means of instituting a suit. It chose instead to ignore its right to proceed. Even now respondents claim no reimbursement, and if the allowance of compensation regardless of the judgment amounts to `double recovery' certainly it would apply as well to sums paid as sums to be paid. Upon study we do not think that the sanction of recovery from a third party as well as compensation is as unfair as it first appears. Too much emphasis is placed by respondents on the amount of the judgment, too little on the provision of the statute. Let us suppose the petitioner had recovered a nominal amount, or any amount, for that matter, up to the amount *39 of compensation allowable by law for his injury. What then? We are not conscious of any power in the court to supplement the legislation by establishing rules for such varying contingencies. The effect of accepting respondents' view would be the affording to them, at least in part, of the very protection they failed to invoke when they had the absolute choice.
We cannot resist the comment that the course followed may have been attributable to the fact that both the Florida Power and Light Company, against which the judgment was obtained, and Southeastern Utilities Service Company, respondent-employer, were insured by Aetna Casualty & Surety Company, respondent-carrier, a situation upon which Mr. Justice Mathews commented in Fidelity & Cas. Co. of New York v. Bedingfield, Fla., 60 So.2d 489, 495.
We conclude that the order of a majority of the full commission, Mr. James T. Vocelle, chairman, dissenting, was erroneous.
The deputy commissioner allowed the claimant's wife for her services as a practical nurse while caring for her husband the sum of $40 weekly which he computed as the amount she could earn five days in each week, if employed away from home. Without disturbing the facts, we conclude that this figure should be increased to $56 weekly in view of the undisputed evidence that the husband, employee, required constant attention and aid. In raising the amount we do not interfere with the condition imposed by the deputy and approved by the full commission.
The petition for certiorari is granted, the order of the full commission is quashed, and the cause is remanded for further proceedings consonant with this opinion.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.