THOMAS, Justice.
The salient facts set out in the pleadings are common to both these cases. The appellants, while in the employ of Young-blood & Sons, Inc., were passengers in a truck which was struck by another truck alleged to have been negligently operated by one A. M. Kirksey and owned by the ap-pellee. The appellants were injured in the collision which occurred about 21 December 1949. Late in the year 1951 the appellants sued the appellee.
The judge denied a motion to strike the sixth defense, which-set out that the plaintiffs were “limited and. controlled” in the right of recovery by the Workmen’s Compensation Law, -F.S.A. § 440.01 et seq.; that they, having received money from the insurance carrier,- could bring the suits only' “for’ the - use and 'benefit of the * * * insurer or jointly” with the carrier.
The defendant, now appellee, propounded two interrogatories which were answered by the plaintiffs. By these the simple facts were developed that the plaintiffs were employees at the time of the collision and had received full compensation under the Workmen’s Compensation Law.
On the pleadings and these answers the judge entered summary judgments for the defendant.
This record is the basis for the appellants’ -question, whether under the law in effect at the time of the injuries the appellants. could receive benefits under the Workmen’s Compensation Law and later sue a-third party tort-feasor, when the employer or, we presume, insurer, had not brought suit within one year.
Under Chapter 23822, Laws of Florida, Acts of 1947, which amended Sec. 440.39, Florida Statutes 1941, and F.S.A., the employee could bring an action for the sole benefit of himself or his dependents, and could recover full damages regardless of compensation if the employer or insurance carrier failed to sue within one year. There were other conditions in the act which are not relevant to the present case.
So under the law in effect at the time the appellants were injured they had a right to sue when they did and this right was wholly uninfluenced by the fact that they, meanwhile, received compensation. Once the period fixed in the statute had passed without the exercise by employer or insurance carrier of the right to sue, the damages recoverable and the compensation received became separate and independent, Brinson v. Southeastern Utilities Service Co., Fla. 72 So.2d 37. Inasmuch as it is not shown that the employer exercised the right to sue, the defense from which we have quoted was of no avail and the facts established by the answers to the. interrogatories could not operate in appellee’s favor to defeat appellants' suits.
*205 The judgments are reversed with directions to proceed with the trial of the other issues.
Reversed.
ROBERTS, C. J., and HOBSON and DREW, JJ'., concur.