Richard L. **MORRISSEY**, Respondent,

v.

**COUNTRY CLUB MARKETS, INC.** and **American Hardware Mutual Insurance Co.,** Relators.

No. C6–88–778.

Supreme Court of Minnesota.

Oct. 14, 1988.

**170**

Kristin M. Cajacob, Minneapolis, for relators.

David R. Cody, St. Paul, for respondent.

## OPINION

SIMONETT, Justice.

We review on certiorari a decision of the Workers' Compensation Court of Appeals affirming, by majority decision, an award of temporary partial benefits on the basis of a stipulated earning capacity for a one-month period of unemployment and temporary partial benefits based on actual wages when the employee was working but at a reduced wage. We affirm the award of temporary partial benefits based on post-injury wages but reverse the award of temporary partial benefits based on the stipulated earning capacity.

The facts of this case are not in dispute. On December 15, 1985, the employee sustained a work-related injury while in the employ of Country Club Markets, then insured by American Hardware Mutual Insurance Company. At the time of his injury, the employee was earning an average weekly wage of $724.54, entitling him to an initial compensation rate of $342. As a result of the December 15, 1985, injury, the employee was paid intermittent temporary total and temporary partial compensation through April 30, 1987.

The employee reached maximum medical improvement as of January 13, 1987; and the maximum medical improvement report was served upon the employee on January 29, 1987. Country Club Markets/Home Mutual Insurance paid temporary total benefits through April 30, 1987 (90 days after service of the maximum medical improvement report). Because the employee had not returned to work as of this date, Country Club Markets/American Hardware commenced payment of economic recovery compensation for a 13% whole body impairment. The employee made a reasonable and diligent search for employment from May 1, 1987 through June 6, 1987; and the parties stipulated that his earning capacity during this period was $320 per week.

On June 7, 1987, the employee obtained work at Gordon Fleming Brokerage Company as a sales person, earning $774 every 2 weeks. The parties have agreed that employment with Gordon Fleming Brokerage was "appropriate" and reflected the employee's earning capacity. After 30 days of uninterrupted employment, on July 10, 1987, Country Club Markets/American Hardware paid the balance of economic recovery compensation. The employee was paid a total of $26,676 in economic recovery compensation. Economic recovery compensation was paid because temporary partial compensation was not paid. If the whole body impairment had been compensated in the form of impairment compensation, the total would have amounted to $9,750.

Country Club Markets/American Hardware argue that this employee is not entitled to any temporary benefits because he was unemployed when the 90–day period after service of the maximum medical improvement report expired. We believe that pursuant to *Parson v. Holman Erection Company, Inc.*, 428 N.W.2d 72 (Minn. 1988), temporary partial benefits were not available to the employee for the one-month period during which he was unemployed; and we therefore reverse the award of benefits that was based upon the stipulated earning capacity. At the same time, under *Gasper v. Northern Star Co.*, 422 N.W.2d 727, 730 (Minn.1988), the employee became eligible for temporary partial benefits when he thereafter obtained employment but at a wage loss; and we

affirm the award of benefits based on the employee's post-injury wages.[1]

Affirmed in part, reversed in part.

Employee is awarded $400 in attorney fees on appeal.

---

1. Country Club Markets/American Hardware also maintain that concurrent payment of economic recovery compensation and temporary partial compensation results in double recovery for wage loss. We have already rejected this argument. *Gasper, supra* at 731.