**Susan B. JELLUM, Relator,**

v.

**McGOUGH CONSTRUCTION COMPANY, INC., and Liberty Mutual Insurance Company, Respondents.**

**No. C9–91–1613.**

Supreme Court of Minnesota.

Feb. 21, 1992.

David A. Stofferahn, Sieben, Grose, Von Holtum, McCoy and Carey, Ltd., Minneapolis, for relator.

William M. Bradt, Hansen, Dordell, Bromdt, Odlaug & Bradt, St. Paul, for respondents.

WAHL, Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals reversing the compensation judge's calculation of temporary partial compensation. We reverse and reinstate that portion of the decision of the compensation judge pertaining to the calculation of temporary partial compensation.

Susan B. Jellum was a university student who worked for McGough Construction during school vacations. On January 11, 1989, while working as a laborer for McGough during a winter break, she sustained a work-related ankle injury. She was a full-time employee at the time, earning $15.25 per hour. On January 19, 1989, employee resumed her education as planned. Upon graduation in December 1989, she was qualified as an elementary school teacher and began to seek work in that endeavor. She also obtained work as a telemarketer in LaCrosse at $5.75 per

hour while she continued her search for a teaching position. Because of the work injury, employee was unable to work as a construction laborer.

A compensation judge from the Office of Administrative Hearings awarded temporary partial benefits, calculated on the difference between the weekly wage at the time of injury and post-injury earnings. On appeal, a three-member panel of the Workers' Compensation Court of Appeals reversed and remanded with instructions to recalculate the benefits on the difference between what employee theoretically could earn as a teacher and her post-injury wages. The statutory method, however, for calculating these benefits directs that "[i]n all cases of temporary partial disability the compensation shall be 66⅔ percent of the difference between the weekly wage of the employee at the time of injury and the wage the employee is able to earn in the employee's partially disabled condition." Minn.Stat. § 176.101, subd. 2.

Weekly wage at the time of injury is a relatively concrete quantity, and the statutory method for measuring weekly wage for purposes of temporary partial compensation and for the general purpose of fixing the benefit rate is the same. Minn. Stat. § 176.011, subds. 3 and 18. Post-injury earning capacity, however, is a more theoretical concept, *see, e.g., Enrico v. Oliver Iron Mining Co.*, 199 Minn. 190, 271 N.W. 456 (1937). Nevertheless, post-injury wages create a presumption of earning capacity; and in this case, the compensation judge's earning capacity determination had substantial evidentiary support. We therefore reverse that portion of the Workers' Compensation Court of Appeals' decision directing recalculation of temporary partial compensation. The compensation judge's award of temporary partial compensation is reinstated.

We find no merit in the other contentions, namely employee's claim that she ought to receive wage loss benefits for periods of time she was unemployed for nondisability reasons and employer's claim that employee is not eligible for rehabilitation benefits.

Reversed in part, affirmed in part.

Employee is awarded $800 in attorney fees.