Greg **JASNOCH**, Relator,

v.

**SCHWAB COMPANY and CNA Insurance Company,** Respondents.

No. **C2–92–1947.**

Supreme Court of Minnesota.

Feb. 5, 1993.

Van P. Jacobsen, Rochester, for relator.

Thomas H. McNeill, Minneapolis, MN, for respondents.

COYNE, Justice.

The Workers' Compensation Court of Appeals granted a petition to suspend temporary partial compensation. We reverse and reinstate the compensation judge's order to

continue payment of compensation for temporary partial disability.

The facts on which the decision below rests, briefly stated, are these: On March 18, 1987 Greg Jasnoch sustained a compensable low back injury while employed by Schwab Company as a carpenter earning an average weekly wage of $536.80. As a result of the injury, the employee suffered a permanent impairment (stipulated to be at least 7% of the whole body) and was unable to return to his preinjury employment. Schwab and its workers' compensation liability insurance carrier, CNA Insurance Company, provided various workers' compensation benefits, including rehabilitation assistance which led to Jasnoch's reemployment as a teacher's aide in Winona, Minnesota: Pursuant to his contract with the school district, Jasnoch was employed for the school year and paid on an hourly basis. Therefore, he did not work nor was he paid for any day when school was not in session. The employer petitioned to suspend temporary partial compensation for the winter recess on the ground that according to this court's decision in *Parson v. Holman Erection Co.*, 428 N.W.2d 72 (Minn.1988), Jasnoch was not entitled to temporary partial compensation for any day he did not work. Subsequently, when the employee neither worked nor received wages for January 20, 1992 and February 21, 1992, when the school was closed in observance of Martin Luther King Day and Presidents' Day, the employer included these days in its suspension request.[1] The compensation judge denied the petition, concluding that suspension was inappropriate where the employee was employed, worked all available hours, and "the periods without * * * actual earnings * * * [were] so short term and/or irregular that employment elsewhere during these periods is for all practical purposes precluded." [2] On appeal, the WCCA reversed, ruling that payment of temporary partial compensation for the periods in dispute was contrary to *Parson, supra.*

■■■ In 1983 the legislative restructuring of the Workers' Compensation Act focused on the reemployment of an injured employee. In pursuit of this goal, the temporary wage loss provisions were revised to eliminate the availability of temporary partial compensation to employees who were not employed. *Parson v. Holman Erection Co.*, 428 N.W.2d 72 (Minn.1988). *See also Morrissey v. Country Club Markets, Inc.*, 430 N.W.2d 169 (Minn.1988); *Tews v. Geo. A. Hormel & Co.*, 430 N.W.2d 178 (Minn.1988). However, because the aim of temporary partial benefits is to compensate for reduction in earning capacity, the measure of compensation for temporary partial disability was not changed in 1983, and temporary partial compensation continues to be calculated as two-thirds the difference between the wage at the time of injury and the wage employee is able to earn in the employee's partially disabled condition. Minn.Stat. § 176.101, subd. 2 (1992). Accordingly, temporary partial benefits are payable when a partially disabled employee returns to work with diminished earning capacity causally related to the disability. *See Arouni v. Kelleher Constr. Inc.*, 426 N.W.2d 860 (Minn.1988).[3] Since there is no dispute Jasnoch has steady employment and an established earning capacity, the compensation judge properly denied the petition to suspend temporary partial benefits. Neither the 1983 revisions nor the decisions in *Parson/Tews/Morrissey* require periodic suspension of benefits under the circumstances presented here. Indeed, this would

---

1. Although the employment contract provided for some holiday pay, these two days were not paid holidays.

2. In fact, the employment contract requires that if employee wants to work elsewhere on nonstudent contact days, he must submit a request to the building principal.

3. The general rule is that it is the injured employee's ability to earn (earning capacity), not the actual post-injury earnings, that should be considered in awarding temporary disability compensation—although post-injury wages create a presumption of earning capacity—because post-injury earning capacity is a rather theoretical concept. *Jellum v. McGough Constr. Co.*, 479 N.W.2d 718, 719 (Minn.1992); *Enrico v. Oliver Iron Mining Co.*, 199 Minn. 190, 271 N.W. 456 (1937).

only serve to frustrate the legislature's effort to reduce litigation of workers' compensation claims. Therefore, we reverse the decision of the WCCA and reinstate the order of the compensation judge directing payment of compensation for temporary partial disability for the period from December 23, 1991 through January 1, 1992 and for January 20, 1992 and February 21, 1992.

Reversed.

Employee is awarded $400 in attorney fees.

PAGE, J., took no part in the consideration or decision of this case.