ERNEST HOEFLIN v. RIVERSIDE PRESS AND ANOTHER.[1]

October 30, 1931.

No. 28,572.

[1]Reported in 238 N. W. 676.

*Barry & Schmitt,* for relator.

*Ernest E. Watson,* for respondents.

LORING, J.

The relator was denied compensation by the industrial commission and sued out a writ of certiorari to review its decision.

The relator was an employe in the respondent's printing establishment and claims to have been injured by straining himself in lifting one of the heavy forms used in his work. This happened on Monday, March 10, 1930. The relator dragged the form from the stone on which it had been resting to the machine where he intended to register it. When he got to the machine, he attempted to lift it up and got it as far as his knees, when it slipped and fell. He grabbed it so that the fall would not break the form, and as he did so he felt a severe pain in his left side, which he says kept getting worse as he worked. This happened in the evening while the relator was working alone. He finished his overtime and went home. His sister says that he seemed to be suffering pain when he got there. However he worked the last three days of the week, although he claimed to have pain in his side. The relator saw his family physician on the Tuesday after he was hurt and the employer's physician on Wednesday. He was told by the latter that there was nothing wrong with him and that he could go back to work. After working the last three days of the week, he was relieved from further duties by the respondent and did not again resume work for anyone until July 15, 1930. He was examined by another physician in April. This doctor found a very definite cough impulse present in the left inguinal ring but no protrusion. There had been no evidence of hernia at the March examination, although the company's doctor found evidence of varicocele. In May the family physician performed an operation which he says was for hernia and which was completely successful. He refused permission to the company's doctor to be present at this operation. In the opinion of the family doctor the hernia was caused by the

strain which the relator suffered on the evening of March 10. The company's doctor was of the opinion that the hernia which appeared in May was not and could not have been the result of the strain on March 10; that if it were the result, the symptoms would have been much more severe and the relator would not have been able to work on the days on which he did work. He was of the opinion that the strain which was suffered on the night of March 10, together with the varicocele, caused the relator some discomfort at the time and on the following days, but that the strain was not the cause of his inability to work during the following months; that the hernia found by the family doctor when he operated in May was not the result of the strain.

The relator contends that the evidence of the family physician, together with that of the relator and his sister, amounts to positive undisputed testimony, unimpeached and not inherently incredible, which cannot be disregarded by the triers of fact. The difficulty with the relator's position is that liability rests upon the opinion of the doctor who operated upon him, and that that opinion is squarely in conflict with the opinion of the physician called by the respondent, who based his opinion upon his examination of the relator on March 12 and upon what the operating physician says he found in May. It is true that the relator's testimony and that of his sister is uncontradicted; but in order that there be liability the disability must be connected with the strain which relator suffered on March 10, and on this crucial point, which rested upon medical opinion, there was direct conflict. The industrial commission might well have found for the relator; but, having found for the respondent upon competent evidence, on a disputed question, we cannot interfere. Baaken v. Naufft & Bergstrom, 179 Minn. 272, 274, 228 N. W. 931.

The decision of the industrial commission is affirmed and the writ discharged.