## DOMENICO TADDI v. VILLAGE OF HIBBING AND ANOTHER.[1]

May 27, 1932.

No. 28,827.

*Naughtin & Henley,* for relator.

*John E. Ilario* and *Clarence H. Kleffman,* for village of Hibbing and Federal Surety Company, its insurer, respondents.

Holt, J.

Certiorari to review a decision of the industrial commission denying relator compensation for an alleged accidental injury suffered in the course of his employment by respondent village of Hibbing.

The relator claimed that while working for the village as a street sweeper on August 11, 1930, he stooped down to pick up a piece of paper fluttering in the wind and slipped and fell because of the oily condition of the street. He said he felt a pain in his groin, but continued in his work that day and the next. On the 13th of August, as he emptied the can in which the sweepings were placed, at the dump, he again fell, and then followed so severe an attack of pain that he left his work and immediately went to a hospital, where Dr. Rodquist examined him and ascertained that he had a right inguinal hernia. Relator testified that he had no hernia previous to falling as stated. The referee found that relator suf-

[1]Reported in 242 N. W. 717.

fered no accidental injury in the course of the employment "within the meaning of the workmen's compensation law." This finding is decisive of course, and is here attacked as contrary to the evidence.

Relator claims that the commission proceeded upon an erroneous theory concerning the possibility of accidents causing hernia. An examination of Bauman v. Roth Downs Mfg. Co. 177 Minn. 98, 224 N. W. 459, and the hernia cases therein cited, may suggest to relator that such erroneous theory persists. But we think the evidence in this case differentiates it from the hernia cases heretofore determined in this court in favor of the employe. The slipping and falling of relator was testified to by him only; and under the rule stated in O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430, undisputed testimony, not inherently improbable, may not be disregarded by triers of fact.

But there is something about relator's testimony as to the immediate effect of the accident that is unusual, to say the least, in hernia cases. Traumatic hernia usually produces nausea and disabling pain. He testifies to some pain on the first occasion of his fall, but it did not disable. The second time he sought a doctor; but the latter, without causing relator any discomfort, manipulated and explored the inguinal ring. This could hardly occur if there had been a recent lesion in its structure. The testimony may also appear improbable to triers of fact for the reason that traumatic hernia, if not produced by direct blow, generally occurs from a severe strain in lifting or pushing heavy objects. A mere falling down could hardly produce much of a strain upon the abdominal muscles. Another consideration is also that the burden was upon relator to establish that the hernia was an accidental injury.

Every case where this court has disturbed the commission's finding that an alleged accident did not cause hernia has been where an operation, made soon after the accident, disclosed a recent injury to the physical structure of the body of such a nature as to evidence the causal connection between the accident and the hernia. These cases are all cited in Brajan v. Oliver I. Min. Co. 181 Minn. 296, 232 N. W. 342, where the industrial commission, on testimony

stronger for the employe than herein, disallowed compensation, finding that the accident did not cause the hernia, the injury there claimed. The only case in that opinion referred to where this court reversed the finding of the industrial commission in a hernia case without there being an operation soon after the accident revealing a recent injury to the tissues contiguous to the hernia is Dippold v. F. B. Canada Lbr. Co. 169 Minn. 195, 210 N. W. 876; "but there [181 Minn. 299] the evidence of the accidental injury was so clear, persuasive, and uncontradicted that it compelled a finding in favor of the employe." We think the Brajan case, 181 Minn. 296, 232 N. W. 342, controlling here. Another case with some features like the one at bar is Hoeflin v. Riverside Press, 184 Minn. 360, 238 N. W. 676.

The writ is discharged, and the decision of the industrial commission is affirmed.