## GEORGE R. GORMAN v. GRINNELL COMPANY, INC. AND ANOTHER.[1]

May 28, 1937.

No. 31,231.

*Stacker & Stacker* and *Lewis E. Lohmann,* for relator.
*Reynolds & McLeod,* for respondents.

JULIUS J. OLSON, JUSTICE.

*Certiorari* to review an order of the industrial commission denying employe-relator compensation.

On December 15, 1933, relator sustained an accidental injury which arose out of and in the course of his employment. In October, 1935, he commenced proceedings under the workmen's compensation law to recover compensation. That matter was heard in January, 1936, by a referee of the commission. The referee found

[1]Reported in 273 N. W. 694.

that "the petitioner [relator] herein was afflicted with a diseased condition and that said diseased condition was not caused or aggravated by said accidental injury of December 15, 1933." Deeming himself aggrieved by this finding, he appealed to the commission, which on October 8, 1936, unanimously sustained the referee.

Relator concedes that the sole question for determination is whether there is any evidence in the record reasonably tending to support the mentioned finding, his position being that this essential element is wholly lacking. We must then look to the record to determine whether his position is well taken. This, of course, necessitates viewing the evidence in the light of the result reached by the triers of fact.

Shortly prior to three o'clock in the afternoon on the day of the accident relator was helping a fellow employe in taking a ten-inch pipe out of stock. The pipe was dropped and struck a two-inch piece of pipe, which flew up into the air, the end striking relator's nose, resulting in an injury which he claims is the basis for his present ailments. The outward injury consisted only of a laceration on the right side of his nose, a cut about three-quarters of an inch to one inch in length. He was given immediate medical aid. The physician "examined both nostrils with an artificial light and did not find any indication of fracture or laceration of the mucous membrane on either side of the nose." There was no evidence "that there had been any bleeding in either of the nostrils." There was no deformity of the nose. The only thing the doctor found was a small laceration on the right side of the nose; otherwise the findings were entirely negative. He again presented himself to the doctor on December 18, but did not thereafter present himself to this doctor for further care or treatment. After this was done he returned to his work. No time was lost as a result of the injury. Immediately after he had returned to work he gave the details of the accident to a fellow employe for the purpose of making out the necessary accident report. The injury there was referred to as a break in the skin on the right side of the nose. The doctor had attended relator prior thereto, so they were not by any means strangers. During the preceding September the physician had

treated relator for another injury, and later, in June, 1934, treated him for a foot injury. At no time was any complaint or other mention ever made of any injury of the nature for which compensation is now sought. Relator remained in the service of his employer until July, 1935. Relator's wife is a registered nurse and has followed that profession over a period of several years. Although she treated her husband by applying boric compresses on the wound for several days after the injury, nowhere is there any suggestion that there was any injury to the inside of the nose or that he ever bled from his nostrils. The record leaves one with the impression that this injury was a slight one and limited only to a superficial skin or flesh wound. The wound healed readily, and there is no suggestion of anything unusual having happened in the healing process.

On the trial before the referee considerable discussion arose respecting the basic cause of relator's ailment (encephalitis) with which he was then suffering. For him it may be conceded that the medical testimony adduced in his behalf was sufficient to sustain a finding for him. The basis for that is the testimony of Dr. Wheeler, by whom he was treated in January, 1934. He testified that at that time (January 15) he found a "marked obstruction of the nasal cavity * * * caused by a crushing injury to his nasal septum." The doctor was of the opinion that this caused "nasal obstruction." The doctor "shrunk down the nose, pumped out the secretion, and advised him to have this thing taken care of, the nasal obstruction, so he wouldn't get into trouble later on." Nothing further appears to have been done, however, by relator until something like a year and a half thereafter, when an operation was performed. For respondents there is the testimony of Dr. Voyer (the substance of which has been quoted), who saw relator immediately after the accident, to the effect that there was no "indication of fracture or laceration of the mucous membrane on either side of the nose," and that there was no "evidence that there had been any bleeding in either of the nostrils." Based largely upon his testimony, respondents' medical experts were of opinion that there was no causal relation or connection between relator's present ailment and the

injury he received on December 15, 1933. It is obvious therefore that there was a real and substantial fact issue to be solved. We are not in position to weigh the testimony of witnesses. Clearly that determination was for the triers of fact, the referee in the first instance, and on appeal the industrial commission. Relator concedes this to be so. In his brief he correctly states the rule:

"A finding upon a question of fact cannot be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived." Jones v. Excelsior Laundry Co. 183 Minn. 531, 532, 237 N. W. 419, and cases therein cited.

Of course it is true, as claimed by relator, that "whether there is any evidence tending to support a given finding, and whether the evidence conclusively establishes a particular fact, are deemed questions of law" within the rule announced. Benson v. County of Marshall, 163 Minn. 309, 204 N. W. 40. But attentive reading of the entire record convinces us that there was a fact issue, and that this having been determined against relator, it is binding upon us. Opposed medical opinions as to causal relation between an accident and the resulting condition of the workman are as much matters of fact as any other. As was recently said in Wyatt v. Wyett, 200 Minn. 106, 273 N. W. 600: "Plaintiff's doctors appear to be sincere, and their opinions are not so inconsistent with reason and common sense as to justify us in rejecting them altogether and in holding that the verdict is unsupported." Applying that statement to our present case, we are bound by the result reached below.

Writ discharged and order affirmed.