## GEORGE SCHWENDIG v. ANDERSON & HEDWALL COMPANY AND ANOTHER.[1]

January 19, 1940.

No. 32,199.

[1]Reported in 289 N. W. 772.

*Lewis E. Lohmann,* for relator.

*O. J. Rudser* and *William Johnson,* for respondents.

PETERSON, JUSTICE.

*Certiorari* to review an order of the industrial commission denying relator workmen's compensation.

Relator claims to have sustained a hernia by accident arising out of and in the course of his employment, which respondents deny. The commission found that relator has a hernia, but denied him an award upon the grounds stated in a memorandum attached to its order that he failed to sustain the burden of proof as to causal connection between the injury and the employment.

Relator's testimony is that on Tuesday, February 1, 1938, while performing his duties as an electrotyper in the employment of the employer, he was carrying a cast weighing about 40 pounds and slipped on a wet floor; that he threw the cast into a box and gave a quick jerk to avoid falling; and that in consequence thereof he sustained a strain which caused a hernia in the right groin. There were no eyewitnesses. He says that the accident occurred between nine and ten o'clock in the morning; that he continued his work without saying anything to anybody and ate his noon lunch as usual. As a result of the jerk he felt severe "shooting" pains in the groin region. When he got home that night he observed a slight protrusion. The pain continued and got worse during the week.

Although he worked in the same room with Mr. Roloff, the president of the employer, he did not say anything to him about the accident until the following Friday, when he claims that he gave Mr. Roloff a complete history of what happened, inquired if the company had a physician, and upon learning that it did not have one made arrangements to take Saturday off to see his

own doctor. On Wednesday he says that he told a fellow employe, who did not work on Tuesday, what had happened on that day.

On the following Saturday relator consulted his family physician, who testified that relator gave him a history of strain in his groin region, sustained while carrying the cast; that there was no history of prior hernia; that he found a beginning right indirect inguinal hernia about an inch in extent and that in his opinion the hernia was caused by trauma. The doctor did not mention relator's having slipped on the floor and jerked himself to prevent a fall, although relator claimed to have stated the fact to him; nor did he say that the hernia was of recent origin.

He treated relator by having him wear a pad and truss to hold the hernia in place and by administering 12 injections on successive Saturdays with the result of a complete closure of the hernia in June.

The target of the defense was absence of causal connection. Respondents' physician testified that if relator sustained a hernia as a result of the slipping and jerking he would have suffered at the time very severe and disabling pain, accompanied by nausea, vomiting, faintness, and weakness that would have rendered him unable to continue with his work, and that examination would have disclosed the right external inguinal ring to be torn and traumatized. He examined relator in the following October but did not find any hernia. The right external inguinal ring was small and not torn or traumatized. During the trial he examined relator again and found a hernia, where relator claimed all the time that he had one. The doctor's opinion was that the right inguinal ring being small and not torn or traumatized when he examined relator, the absence of accompanying pain and other symptoms of hernia at the time of injury, and the absence of a finding by the attending physician that the hernia was of recent origin were proof that the hernia was not caused by the accident. He said that if relator had a protrusion, as he claimed, the sac in the abdomen had been formed sometime before; that the exer-

tion did not cause the sac to form, but merely forced down a sac then present and that the sac then retracted, leaving relator in the same condition as he was before the accident.

Although Mr. Roloff says that relator told him he slipped on the wet floor and jerked himself to avoid falling, he did not mention the fact of any slipping or jerking in reporting the facts to the insurance carrier.

Relator contends that the evidence is uncontradicted and unimpeached that the hernia was sustained in the manner in which he claims and that he was entitled to findings in his favor under the rule of cases like O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430, and Manley v. Harvey Lbr. Co. 175 Minn. 489, 221 N. W. 913.

We are satisfied that the commission accorded relator the benefit of the rule of the cited cases on all issues, except that of causal connection of the hernia and the accident. The evidence of causal connection was in conflict. Where, as here, the evidence of causal connection is in conflict, a finding of the commission based on competent evidence must be sustained. Gorman v. Grinnell Co. Inc. 200 Minn. 122, 273 N. W. 694. This rule has been applied by us in hernia cases, where we expressed the view that the evidence would have sustained a finding in favor of the employe. Hoeflin v. Riverside Press, 184 Minn. 360, 238 N. W. 676. In our decisions we have directed attention to the fact that the medical testimony showed that accidental injury producing hernia is usually followed by great distress and severe and disabling pain and the improbability that the employe could have continued with his work, as relator claims he did. Taddi v. Village of Hibbing, 186 Minn. 218, 242 N. W. 717; Brajan v. Oliver I. Min. Co. 181 Minn. 296, 232 N. W. 342.

Relator relies on Klika v. Independent School Dist. 161 Minn. 461, 202 N. W. 30. We remanded that case to the commission, not upon the grounds the employe was entitled to an award, but because the commission misapplied the law in holding in effect that hernia could not as a matter of law be caused by accident, and to compel the commission to apply the correct rule of law

18

in finding the facts in further proceedings. Here the commission applied the correct rule in making its finding. The Klika case and others of the same type are not in point here.

We do not weigh the evidence or determine where the preponderance is. It is sufficient that the finding is sustained by credible competent evidence.

Writ discharged and order affirmed.