ABEL HILLMAN v. NORTHWEST FRUIT, INC. AND ANOTHER.[1]

April 19, 1940.

No. 32,410.

[1]Reported in 291 N. W. 609.

378

*S. Louis Shore,* for relator.
*Gillette & Meagher,* for respondents.

LORING, JUSTICE.

This case comes here by writ of *certiorari* to review a denial of an award to the employe-relator by the industrial commission.

August 3, 1938, the relator was employed by the Northwest Fruit, Inc. at its place of business in Minneapolis. On that day he was engaged in arranging cases of oranges in the refrigerator room and asserts that he was lifting one of the boxes which weighed 65 or 70 pounds when he felt a sharp pain in the abdomen. He dropped the box and fell to the floor, where he lay until a fellow employe came to his relief. He says that he lay there holding his side for 15 or 20 minutes, after which he was assisted in walking out of the refrigerator room. He claims that he then sat in the basement for a while and was in severe pain and felt nauseated. He testified to all the well known symptoms of a traumatic hernia, which would be compensable under the compensation act. The industrial commission found against him on the ground that his testimony was so thoroughly discredited and impeached by prior statements and by circumstances that it was not entitled to belief. The relator did not go to a doctor until three or four days after the alleged accident. He then went to his family physician, to whom he gave a history that on August 3, the day he was hurt, he was lifting some oranges, a crate of oranges, and following that he felt a pulling pain in his right side and that this continued for several days. To the intern at the hospital he gave a similar history. In a later statement he said that while he was moving oranges a cramping sensation came on gradually, that he stopped lifting when it became severe, and that he could not recall what he was doing when the pain appeared, after which he stopped lifting heavy crates and lifted only a few pounds at a time. He could not recollect whether the nausea or the pain appeared first. In the doctor's testimony a

card was produced upon which he had entered the history given him by the relator and a memorandum of what he did which in substance was that the nausea and pulling pain continued until August 7, when the relator noticed what was described as a large lump in what the doctor described as the "right lower quadrant." It was further stated that the doctor reduced the hernia but that it came down again as soon as the patient stood on his feet. It is very significant that the relator did not go to his doctor until August 7. If his story as told upon the stand were true, it is almost unbelievable that he would have refrained from seeking medical attention immediately. Symptoms of traumatic hernia are well known. Taddi v. Village of Hibbing, 186 Minn. 218, 242 N. W. 717; Brajan v. Oliver I. Min. Co. 181 Minn. 296, 232 N. W. 342. The finding of the commission against the relator is one of fact which we cannot disturb if it is justified by the evidence and the reasonable inferences to be drawn therefrom. Burden of proof is upon the relator to show the traumatic character of the hernia. We think the circumstances are sufficient to sustain the commission's conclusion that the relator's theory of the case was not entitled to credence. The decision of the industrial commission is affirmed.

Affirmed.