## JOSEPH GILDEA v. STATE DEPARTMENT OF HIGHWAYS.[1]

July 5, 1940.

No. 32,451.

*Joseph P. O'Hara,* for relator.

*J. A. A. Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, *Sam W. Campbell,* Special Assistant Attorney General, and *Joseph J. Bright,* Special Counsel, for respondent.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review an order terminating relator's right to further compensation and denying him additional surgical treatment at expense of the employer.

While in the service of the highway department, June 13, 1936, Mr. Gildea suffered a serious accident of compensable

[1]Reported in 293 N. W. 598.

nature. He was paid a substantial amount in compensation and for treatment. Finally, after due hearing, the commission decided by the order under review that Gildea's right to compensation terminated as of July 29, 1938. By the same order he was denied further surgical treatment at the expense of the employer.

The test of an injured employe's right to continuing compensation is not the amount he is actually receiving in wages at the determinative moment. It is rather his ability to earn. *Enrico v. Oliver I. Min. Co.* 199 Minn. 190, 271 N. W. 456. The claim for relator is that, while in his partially disabled condition he happened to be earning $20 per week (as against $19 when injured), he was not really able to earn anywhere near that wage. The suggestion is that the $20 figure was fixed by "charity" of employer rather than ability of employe.

There is medical testimony in support of the commission's decision. It is supported somewhat by that of one of Gildea's fellow workmen. The evidence most favorable to the employer and the reasonable inferences therefrom so much support the order that we should not reverse.

The injury was to the upper portion of relator's spine. It has resulted in permanent partial disability, rated by some of the doctors as at least five per cent. Relator's testimony, uncontradicted, is that when he attempts real labor he suffers much pain. There is medical testimony from no less a source than the Mayo Clinic that an operation will relieve him from pain and otherwise go far to restore physical efficiency.

Here again we are in the realm of fact and should not reverse a finding of the industrial commission which is so supported by evidence as this one. However, the nature of relator's injury is such, and the probability of substantial betterment by an operation is made so evident, that we do not feel that the case should be terminated adversely to relator at this juncture. There is so much of residual dis-

ability and promise of aid from surgery that we think relator should have the benefit of the doubt, to the extent of an opportunity of applying to the commission for a rehearing, particularly on his request for additional surgical attention. Therefore this decision is without prejudice to such application, if made, and the continuing jurisdiction of the commission necessary for its disposition.

With the indicated qualification, the order under review is affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.