## ANNA SCHULTZ v. U. S. BEDDING COMPANY AND ANOTHER.[1]

April 4, 1941.

No. 32,679.

*Thomas W. Walsh* and *Lewis E. Lohmann,* for relator.
*C. E. Warner,* for respondents.

JULIUS J. OLSON, JUSTICE.

*Certiorari* brings for review an order of the industrial commission denying the surviving wife of Peter Schultz, deceased, compensation for the death of her husband, alleged to have resulted from an injury received while working for respondent U. S. Bedding Company.

Over a period of years Schultz had been employed as a driver of one of its trucks. On August 4, 1937, he sustained an accidental injury to his person admittedly arising out of and in the course of his employment. He died November 25 after an operation performed November 23 for cancer of the stomach. The immediate cause of death was bronchopneumonia, superimposed upon the

[1]Reported in 297 N. W. 351.

shock of the operation. The referee found for petitioner, but the commission on appeal, upon consideration of the record made by the referee and the report of a neutral physician appointed by it with petitioner's approval, reversed the referee's findings, making and substituting its own, and determined that his death was the "result of a condition of disease, and that said condition of disease was not caused by, aggravated by, or in any way attributable to said accidental injury." Only the death benefits are involved on this appeal.

The determinative question is whether the record sustains that finding. While other assignments of error are made and discussed by counsel, we find upon examination thereof that these do not present any issue requiring our comment.

As is customary in such circumstances, the losing party makes much of alleged inconsistencies, claimed defects, lack of proof, etc., on the part of his opponent, the prevailing party before the triers of fact. But that, perhaps, is the kind of error for the correction of which no remedy has yet been found.

The opinion of the commission is exhaustive and bespeaks a careful review of the facts which it deemed controlling. A reading of the record establishes that their resumé of the facts is well sustained by the evidence. These may be summarized in this fashion: Schultz was unloading bales of cotton from a truck and while doing so fell and injured his side on the edge of the box on the truck. He continued his work for some days and did not seek medical aid until some five days later, when his doctor found a contusion with discoloration of the lower costal region on his right side. X-ray pictures disclosed fractures of the eighth and ninth ribs near their ends. He was taped and bandaged. His doctor suggested that he desist from his work for a time but, upon Schultz's urgent request, permitted him to continue his employment, instructing him, however, to call frequently at the doctor's office for further observation and treatment. Thus matters continued until August 28, when Schultz found it necessary to quit

work. The doctor continued to treat him for most of the month of September. During the latter part of that month he was also examined by several specialists, including Dr. Aurelius, a roentgenologist, who discovered a large tumor in his stomach. An operation was performed November 23. Schultz died two days later.

The question presented to the commission was of course one of causation. On this issue there was the customary difference of opinion between the experts for petitioner and those for respondents. It is enough to say in this respect that repetition of the claims made by each would not aid the parties or the profession. We are clearly of the view that upon this record fact issues alone were presented to and decided by the commission.

With ample evidence to sustain the commission's findings, we are bound thereby, since we do not try the facts nor determine the credibility of the testimony of witnesses, be they laymen or medical experts.

Counsel should remember that mere eloquence does not justify reversal. Much of what the brief contains could well be addressed, as it undoubtedly was, to the triers of fact; but, limited as we are under our law and the practice long established, we cannot, nor should we, overturn the result reached by the commission.

Writ discharged and order affirmed.