## JOSEPH T. GILDEA v. STATE DEPARTMENT OF HIGHWAYS.[1]

June 6, 1941.

No. 32,875.

See 208 Minn. 185, 187, 293 N. W. 598.

[1]Reported in 298 N. W. 453.

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Special Assistant Attorney General, and *Joseph J. Bright,* Special Counsel, for relator.

*O'Hara & Sheran,* for respondent.

HOLT, JUSTICE.

*Certiorari* to review an order of the industrial commission granting a rehearing herein as to the necessity of further relief to respondent, as suggested in Gildea v. State Dept. of Highways, 208 Minn. 185, 187, 293 N. W. 598.

As appears from the former decision, respondent, while in the employ of relator on June 13, 1936, was injured in an accident arising out of and in the course of his employment and received compensation on account thereof until July 29, 1938, when it terminated with a denial of further surgical aid. The order refusing such aid was affirmed, however, with leave to respondent to apply to the commission "for a rehearing, particularly on his request for additional surgical attention. Therefore this decision is without prejudice to such application, if made, and the continuing jurisdiction of the commission necessary for its disposition."

The record shows that the accident resulted in a "compression fracture of the second dorsal vertebra, the spinous process of the second dorsal vertebra being torn, with a complaint of * * * pain in the neck, which I believe accounts for a certain disability which I have given him," says Dr. Chatterton, the medical expert for relator. It seems to us that, considering what was before us, there can be no doubt concerning the meaning of the above quoted conclusion of our decision. In compliance therewith, the commission has acted on respondent's petition and supplemental petition asking for a rehearing of his request for further surgical aid and has granted such rehearing. In order to so do, it properly vacated this former finding: "That said employe is not in need of surgical treatment as result of said accidental injury." In order that the commission should have free hand in case a rehearing was granted upon respondent's application therefor, "continuing juris-

diction of the commission necessary for its disposition" of the matter was left to that tribunal. If further aid is granted, the outcome of such aid must be for the commission to deal with,— the surgeon's fees, the hospital expense, the healing period, and the result to respondent.

We think there was here no occasion for relator to resort to *certiorari*. The former decision is plain. The commission has granted respondent's application for a rehearing of his request for further surgical aid. Until that rehearing has culminated in a finding and order, it seems to us that *certiorari* is untimely. It is not to be supposed that the commission will exceed the scope of its jurisdiction either under the authority granted it by statute or by our former decision. If perchance it should, then the remedy is by *certiorari*. Since the rehearing has not as yet been had, it would be improper now to discuss the claims of the respective parties.

The writ is quashed with costs to respondent.

