# SOPHIE SAARI v. DUNWOODY IRON MINING COMPANY.[1]

December 21, 1945.

No. 34,080.

*Charles T. Wangensteen* and *M. J. Mulvahill,* for relator.
*W. O. Bissonett,* for respondent.

[1]Reported in 21 N. W. (2d) 94.

JULIUS J. OLSON, JUSTICE.

*Certiorari* to review an order of the industrial commission denying compensation.

The determinative issue is well stated in paragraph III of the commission's findings, as follows:

"That on March 1, 1943, the employe sustained accidental injuries to his person which arose out of and in the course of his employment, but that said accidental injuries did not cause any disability and that the employe's subsequent death was not caused or induced by said accident or by any other accident and was due to natural causes. That the employe did not sustain accidental injuries on April 9 or April 10, 1943."

This finding is directly opposed to that of the referee, who found that death was caused by the accident of March 1 and another occurring on April 9. That was the finding which the commission "vacated and set aside," substituting in lieu thereof the one we have quoted. Petitioner is of the view that this finding of the commission is contrary to the evidence and is not sustained thereby.

■ We have often said that where the evidence is in conflict the findings of the industrial commission, if reasonably supported, are conclusive on review by this court. Amongst other cases, the following are helpful: Schroepfer v. Hudson, 214 Minn. 17, 20, 7 N. W. (2d) 336, 337; Hill v. Umbehocker, 201 Minn. 569, 277 N. W. 9. And that, also, is the rule to apply where there is conflict in medical testimony. Like other testimony, the fact issue is to be resolved by the triers of fact. We so held in Swanson v. American Hoist & Derrick Co. 214 Minn. 323, 8 N. W. (2d) 24. In that case, as in this, there was conflict in the opinions of the medical experts. Unlike this case, the commission there found for the employe. We there said (214 Minn. 326, 8 N. W. [2d] 25):

"* * * Conflicts in medical opinions, like those in other testimony, must be resolved by the triers of fact. Here there was a direct conflict on the vital issue in the case between the view of employe's doctor and the views of the doctors who testified for the

employer. The commission accepted the testimony of Dr. Hengstler and awarded compensation. Under our oft-repeated rule, we cannot go beyond its determination."

Obviously, the fact that the commission here decided adversely to petitioner's claims must be measured by the same standard. It is a rule to which we have long and consistently adhered. That, too, was our holding in Service & Security, Inc. v. St. Paul F. S. & L. Assn. 211 Minn. 199, 203, 300 N. W. 811, 813, where we said:

"* * * As to many of his [appellant's] claims there was direct conflict in the testimony which the trial court resolved in defendant's favor. The rule is that where testimony reasonably tends to support the findings of the trial court they must be upheld. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757."

■ Important, also, in this case is what we there said (211 Minn. 203, 300 N. W. 813):

"It is not our province to go into an extended discussion of the evidence to prove or demonstrate the absolute correctness of the findings of the trial court. The policy of this court is stated by Mr. Justice Brown in Carver v. Bagley, 79 Minn. 115, 81 N. W. 758, *supra,* thus:

" 'It is the duty of such appellate court, of course, fully and fairly to consider such evidence, but so far only as is necessary to determine beyond question that it reasonably tends to support the findings; not that the trial court would not have been justified in making findings thereon in appellant's favor, but that the findings made are supported by evidence reasonably tending to establish the facts found.' "

■ Upon a careful consideration of all the evidence, we conclude that the challenged finding is adequately supported. In reaching this conclusion, we have been aided and guided by the cases already cited. In addition, the following are deemed helpful: Rehak v. St. Paul Terminal Warehouse Co. 206 Minn. 96, 288 N. W. 22; Budd v. C. Thomas Stores Sales System, Inc. 209 Minn. 490, 296 N. W. 571; Schultz v. U. S. Bedding Co. 210 Minn. 68, 297 N. W.

351; Cavilla v. Northern States Power Co. 213 Minn. 331, 6 N. W. (2d) 812.

■ Petitioner asserts reversible error in the commission's interpretation and application of its Rule 12, which limits the number of medical witnesses to be called and heard in compensation cases. In the course of the examination of her first medical witness, her counsel said "we will have to ask for a modification of the rule * * * because we have some expert testimony to offer." To this respondent's counsel replied, "You won't find us relaxing any rule as we go along." Petitioner called and examined three medical witnesses. The rule, so far as here material, provides:

"12(a)   Each party to a hearing before a referee shall be limited to not to exceed three medical witnesses, and at no hearing shall respondents be permitted to call a greater number of medical witnesses than were called by the party instituting the hearing.

⁂      ⁂      ⁂      ⁂      ⁂

"(e)   Upon proper showing, the commission may order referees to permit the parties to produce additional medical testimony."

Petitioner's counsel then applied to the commission for an order permitting her to call two additional experts. In the order complained of, the commission granted her leave "to call one additional medical witness in addition to the three who have already testified," and it also gave respondent the privilege of calling four such witnesses "if it desires so to do." Pursuant to that order, petitioner called Dr. Moses Barron, who, as stated in her brief, "did give excellent testimony" for her. Respondent called only three. Petitioner concedes that this was a matter within the discretionary power of the commission, but asserts that the discretion was arbitrarily exercised and was prejudicial to her rights.

We have carefully read the testimony of all experts, together with the other testimony in the case, and can find no basis upon which we can say that, as a matter of law, the commission's discretion was abused. While it is true, as petitioner contends, that the compensation law is remedial and, as such, should be given

liberal interpretation, that does not relieve petitioner from the requirement of furnishing proof of her cause, since upon her rests that burden. Kvernstoen v. Nelson, 212 Minn. 102, 106, 2 N. W. (2d) 560, 562. The adoption of the rule was obviously in furtherance of the declared purpose of the compensation act. We cannot close our eyes to the fact that, ordinarily, the injured person is less able to meet the expense connected with the procurement of experts than is his adversary. Largely, and for this very reason, the number of experts was so limited. Thereby, the employer was prevented from overwhelming his adversary with this kind of testimony.

As we have seen, the referee found for petitioner. He was of the view that petitioner had met the required test. On appeal, the commission unanimously came to the opposite conclusion. Obviously, fact issues were presented. Since we are not the triers of fact but may act only as a reviewing court, we cannot say, upon this record, that a reversal should be had.

While there are other claimed errors, all of which have been considered, we conclude that these do not require special treatment.

Writ discharged and order affirmed.