## HENRY ANDERSON v. MASSACHUSETTS REAL ESTATE COMPANY AND OTHERS.[1]

May 3, 1946.

No. 34,188.

*John H. Louisell, Paul J. Louisell,* and *R. Vern Eckman,* for relator.

*Hunt, Palmer & Hood, L. A. Monroe, E. A. Martini, E. L. Fogarty,* and *W. O. Bissonett,* for respondents.

LORING, CHIEF JUSTICE.

This case is here on *certiorari* from the industrial commission. A claim for compensation was filed with the commission and referred to and heard by a referee. He made findings that the injury to petitioner did not arise out of and in the course of employment. On appeal, the industrial commission adopted and affirmed the findings of the referee.

Petitioner had several employers and worked as janitor, fire tender, and general handy man in their apartment houses, which

[1]Reported in 22 N. W. (2d) 680.

were within three blocks of each other in the city of Duluth. He would do the work in one apartment building and then go to his duties in the next, stopping at all in the course of an evening and then returning to one of the apartment houses where he lived, to retire or carry on additional duties, as the case might be.

On the evening of December 6, 1944, he was making his rounds and had left the Willow Apartments, one of the places where he was employed, and was on his way to the apartment where he lived and where he had additional duties to perform. The two mentioned apartments were owned by different individuals. He started through the alley between Third and Fourth streets and reached Sixth avenue east. While crossing Sixth avenue at about nine p. m., he saw two automobiles coming toward him from the south. He hurried across the street, but one car struck him in the leg when he was five or six feet from the opposite side of the street.

The issue here is whether the evidence is sufficient to support the decision of the industrial commission that petitioner was not in the course of his employment when traveling between these different apartment houses. Saari v. Dunwoody I. Min. Co. 221 Minn. 95, 21 N. W. (2d) 94.

Petitioner made his working arrangements with each of the apartment owners. His duties and the rates of pay were different in each case, as was the length of employment. No one party hired him for all the work he was doing, and no one party had the power to discharge him from all his work. His employments were completely several. There is no evidence whatever to support the contention that they were joint employers. When petitioner left the premises of a particular employer, that employment terminated. When he entered the premises of another, his scope of employment for that employer began. The situation presented here is the same as if he had just quit work and was going home after leaving his employer's premises. The act does not cover coming to and going from work except in special instances not here involved. Nesbitt v. Twin City Forge & Foundry Co. 145 Minn. 286, 177 N. W. 131,

10 A. L. R. 165. Had the industrial commission made an award, it could not have been sustained.

Affirmed.