MATT EISCHEN v. FAIRMONT CANNING COMPANY AND ANOTHER.[1]

January 9, 1948.

No. 34,558.

---

[1]Reported in 30 N. W. (2d) 586.

*Moonan, Moonan & Friedel,* for relator.
*Shepley, Severson & Heim,* for respondents.

MATSON, JUSTICE.

Certiorari to review a decision of the industrial commission denying compensation to relator.

Relator, who is 66 years of age, at the time of his alleged injury was employed by the respondent employer to harvest peas. His work consisted of driving a tractor owned by himself to which was attached a mower owned by employer. The mower was fixed to the rear of the tractor, and in order to operate it the tractor had to be driven backward. In the early part of July 1945, relator was operating the tractor and mower in a field owned by one Schmidt, a farmer who grew peas under a contract with employer. Relator claims that while he was operating the tractor the mower struck a rock, and that the resulting jolt caused a lever on the tractor to spring up and strike relator on the foot. The foot then became swollen, and gangrene set in. Relator was temporarily disabled by the foot condition from July 7, 1945, to March 1, 1946. On May 27, 1946, relator filed a claim petition for compensation. Respondents by their answer (1) denied that relator was an employe, (2) denied that the relator sustained any injury as claimed, and (3) alleged that if any injury was sustained employer did not receive notice thereof within 90 days thereafter.

The referee found that relator was an employe; that he was totally disabled from July 7, 1945, to March 1, 1946; that he did not sustain an accidental injury arising out of and in the course of his employment; and that employer did not have notice of the alleged injury within the time prescribed by law. These findings were sustained by the industrial commission.

The two issues before us for review involve the findings that (1) relator did not sustain an injury arising out of and in the

course of his employment, and that (2) notice was not given to or received by employer. If the findings of the industrial commission are sustained as to the first issue, there is no need to consider the second.

It is our duty to review the evidence in the light most favorable to the findings of the industrial commission in determining whether the facts and the reasonable inferences to be drawn from them sustain the findings that relator's injury did not arise out of and in the course of his employment. Kiley v. Sward-Kemp Drug Co. 214 Minn. 548, 9 N. W. (2d) 237; Burke v. B. F. Nelson Mfg. Co. 219 Minn. 381, 18 N. W. (2d) 121; 6 Dunnell, Dig. & Supp. § 10426.

There is considerable discrepancy in the testimony as to when the alleged accident happened, but it may be reasonably assumed that it was on or about July 1, 1945. In reviewing the evidence in the light most favorable to the findings on the first issue, certain salient facts appear. Relator at the time of the alleged injury was a diabetic and had suffered from diabetes for a long time prior thereto. On or about June 10, 1945, while preparing the equipment for the pea-harvesting season, employer's field manager, Sylvan L. Nolte, asked relator to assist in attaching the mower to the tractor, but relator refused and in explanation said: "I have got a sore foot, I can't do any work on lifting or help lift it on." Lorenz Paske, one of employer's fieldmen, testified that he was at the Schmidt farm on the morning of the day when relator first commenced to operate the tractor and mower. When relator had made the second or third round of the field, Paske motioned to him to stop, but this relator failed to do. Paske asked what was the matter, and relator then said that he could not stop because he had a sore foot, that he had frozen his toe last winter and that it would not heal. After the cutting had been completed on the Schmidt farm, cutting operations were commenced on the Glynn property. Cletus Hoehn, a neighbor who had worked with relator on both the Schmidt and the Glynn farms, testified that relator was limping when he first came to the Schmidt farm. Hoehn, who was eager to have his own peas cut as soon as possible, on or about the morning of July 7 asked relator

why he was late to work and if he would not hurry. In reply, relator said that he was sick, that he had frozen his foot in the wintertime, and that it had started to bother him.

In the light of the evidence as a whole, the foregoing testimony by Nolte, Paske, and Hoehn could reasonably be accepted by the industrial commission as true and would sustain its finding that relator's injury was not one arising out of or received in the course of his employment. In further.confirmation, we have the testimony of the two medical experts, to the effect that a person suffering from diabetes is more prone than a nondiabetic to develop an infection, and that an infection can result from burning, freezing, trauma, or any injury producing a break in the skin, such as cutting the toenails too short. Neither doctor could say from the appearance of the injured foot that the infection had resulted from trauma. The infection could as well have started from a variety of causes. Relator, of course, gave direct testimony that he was injured on the tractor, and to some extent his testimony was supported by the affidavit of Darold Perkins, a 16-year-old boy—the affidavit was admitted in evidence by stipulation—to the effect that he too had worked on the Schmidt farm, and that, although he had not seen relator get hurt, nevertheless he had seen him limping and had been told by relator of the accident on the tractor. The evidence as a whole, however, sustains the findings of the industrial commission that the injury was not one arising out of or sustained in the course of his employment. Clearly, this is not a case where the findings are manifestly and palpably against the preponderance of the evidence.

Affirmed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.