## FRANK STEPHEN v. MILES CONSTRUCTION COMPANY, d. b. a. MILES LUMBER COMPANY, AND ANOTHER.[1]

November 13, 1953.

No. 36,099.

[1]Reported in 60 N. W. (2d) 801.

*S. Harry Gainsley* and *Gordon C. Peterson,* for relator.
*C. A. Stark,* for respondents.

DELL, CHIEF JUSTICE.

Certiorari to review a decision of the industrial commission which affirmed the findings of its referee awarding the relator compensation for temporary total disability but limiting the amount of recovery to a period of 26 weeks.

Relator was employed by the Miles Lumber Company on a part-time basis and by the Minneapolis Brewing Company on a full-time basis. He worked 30 hours a week for the lumber company, performing such heavy work as is usual in that type of business, and 40 hours a week for the brewery in his full-time employment, performing light work as a bottle feeder. On Friday, October 21, 1949, while engaged in unloading celotex bundles weighing approximately 160 pounds from a truck at the lumberyard, he was seized with severe chest pains accompanied by breathing difficulties. Unable to continue with his work because of the severity of the attack he went home to bed and remained there until about two o'clock in the afternoon. He then went to the brewery where he worked his full eight-hour shift although he was not feeling well. He returned to work at the lumberyard the following day and performed some of the lighter duties of his employment with difficulty. On Monday, October 24, while working at the lumberyard he suffered another attack similar to, but more severe than, the one which occurred on Friday. This happened while he was lifting and carrying a hundred-pound keg of nails. He was unable to continue with his work and returned to his home where a doctor was summoned. He was sent to the hospital for a cardiogram and then returned to his home the same day where he remained under the care of a physician, a large part of the time in bed, for a period of six months. At the end of six months he returned to his full-time employment as a bottle feeder at the brewery but, under the advice of his physician,

has never been able to resume his part-time employment at the lumberyard.

The record, which is replete with medical testimony, discloses a sharp conflict on the vital issues of the case. The medical experts disagreed as to the cause of the damage to the heart and its effect upon his present condition. They agreed that a myocardial infarction had occurred. This they described as the dying of a portion of the heart muscle due to the insufficient flow of blood through it. The conflict in the testimony of the experts arose over the question of whether the infarction was caused by an accident due to the type of work the relator was performing at the time he was seized with his chest pains and breathing difficulty or whether the seizure was due to a natural occurrence from a pre-existing arteriosclerosis, a disease which all the doctors agreed had previously existed. They also disagreed as to whether the disability which prevented the relator from returning to his work at the lumberyard was a result of the damage to his heart caused by the infarction or whether that condition had healed and the disability which prevented him from returning to his work at the yard was due solely to the pre-existing arteriosclerosis.

Confronted with this conflicting testimony, the referee found that the relator had suffered an accidental injury which arose out of and in the course of his employment at the lumberyard and that as a result of this accident he was temporarily and totally disabled for a period of 26 weeks. He further found that relator was in need of additional medical supervision and awarded him $30 a week for 26 weeks of temporary total disability and ordered that the relator be afforded such additional medical treatment or supervision "as may be reasonably necessary to relieve from the effects of said accident." Upon appeal the commission affirmed the findings and award of the referee.

■ The principal issue presented by this appeal is whether the findings and award are sustained by the record. The conflict in the medical testimony of the experts presented issues of fact to be

resolved by the triers of fact.[2] In reviewing the proceedings here, the findings upon a question of fact by the commission will not be disturbed unless from the evidence reasonable minds are required to reach a contrary conclusion.[3] In determining whether the facts and the reasonable inferences to be drawn from them sustain the findings of the commission, the evidence must be considered in the light most favorable to the findings.[4]

The record contains medical testimony sufficient to sustain the findings of the commission that the unusual exertion to which the relator was subjected in unloading the celotex from the truck at the lumberyard on October 21 caused a coronary thrombosis or insufficiency which resulted in the infarction and that as a result of the damage caused by the infarction the relator was temporarily and totally disabled for a period of 26 weeks. The commission was also justified in finding that, at the end of that period, the damage caused by the infarction had healed and that any further disability beyond that time was due to the pre-existing disease of arteriosclerosis from which the relator was suffering. The commission was further justified in finding that as a further result of the accident the employee required additional medical supervision. Under the well-established rules governing this appeal, we are not permitted to disturb the findings of the commission.

[2]Caputa v. Land O' Lakes Creameries, Inc. 234 Minn. 514, 48 N. W. (2d) 895; Schmoll v. J. W. Craig Co. 228 Minn. 429, 37 N. W. (2d) 539; Saari v. Dunwoody I. Min. Co. 221 Minn. 95, 21 N. W. (2d) 94; Hiber v. City of St. Paul, 219 Minn. 87, 16 N. W. (2d) 878; Swanson v. American Hoist & Derrick Co. 214 Minn. 323, 8 N. W. (2d) 24; Westereng v. City of Morris, 205 Minn. 219, 285 N. W. 717; Gorman v. Grinnell Co. Inc. 200 Minn. 122, 273 N. W. 694.

[3]Darvell v. Paul A. Laurence Co. 239 Minn. 55, 57 N. W. (2d) 831, and cases cited; 6 Dunnell, Dig. & Supp. § 10426.

[4]Schmoll v. J. W. Craig Co. 228 Minn. 429, 37 N. W. (2d) 539; Eischen v. Fairmont Canning Co. 225 Minn. 295, 30 N. W. (2d) 586; Larson v. Le Mere, 220 Minn. 25, 18 N. W. (2d) 696; Burke v. B. F. Nelson Mfg. Co. 219 Minn. 381, 18 N. W. (2d) 121; Kiley v. Sward-Kemp Drug Co. 214 Minn. 548, 9 N. W. (2d) 237; 6 Dunnell, Dig. & Supp. § 10426.

■ Relator contends that there was a finding that the disability arising out of the employment continued beyond the 26 weeks and claims that the commission erred in not awarding compensation beyond that period. This contention is based upon the following language contained in the finding and order of the referee:

"That as a further result of said accident the above named employe requires additional medical supervision."

"It is further ordered that the above named employer and insurer afford said employe such additional medical treatment or supervision as may be reasonably necessary to relieve from the effects of said accident."

Relator insists that this finding and the award of medical benefits beyond the 26-week period constituted a finding that the disability giving rise to these medical benefits also continued beyond the 26-week period. With this contention we do not agree. The compensation act provides for the following benefits, among others: compensation for injuries, M. S. A. 176.11; death benefits, § 176.12; and medical and surgical benefits, § 176.15. None of the three may be deemed to be mutually exclusive.[5] The commission may require payment of compensation for injuries under § 176.11 without requiring the employer to furnish medical and surgical benefits under the provisions of § 176.15. It may require the employer to furnish medical and surgical benefits to the injured employee under § 176.15 without requiring payment of compensation for injuries under § 176.11. The benefits in each case depend upon the facts as found by the commission, and it has been the practice in this state to treat them separately.[6]

---

[5]Union Stevedoring Corp. v. Norton (3 Cir.) 98 F. (2d) 1012; Lowman v. Industrial Comm. 54 Ariz. 413, 96 P. (2d) 405; Employers Mut. Liability Ins. Co. v. Industrial Comm. 230 Wis. 670, 284 N. W. 548; Lanoue v. Century Ind. Co. (La. App.) 30 So. (2d) 207; Brown v. Travelers' Ins. Co. (La. App.) 149 So. 290.

[6]Castle v. City of Stillwater, 235 Minn. 502, 51 N. W. (2d) 370; Gildea v. State Dept. of Highways, 210 Minn. 402, 298 N. W. 453; Kummer v. Mutual Auto Co. 185 Minn. 515, 241 N. W. 681; Eberle v. Miller, 170 Minn. 207, 212 N. W. 190.

Where there is a finding that the disability existed for a specific period of time and compensation is awarded for that period and there is a further finding that the employee requires additional medical treatment or supervision, such findings cannot be construed to be a finding that the disability continued beyond the time for which disability was specifically found and for which compensation was specifically awarded.

Writ discharged and decision of the commission affirmed.